## ANDREW PATTERSON *vs.* SAMUEL EDWARDS et al.

In order to create a vendor's lien, there must be a debt for unpaid purchase-money to a fixed amount, due directly to the vendor.

If the obligation consists of a collateral covenant, or be for the discharge of a liability to a third party, no lien is retained when the conveyance is absolute. And where the obligation of the vendee to discharge such liability appears to be substituted for the purchase-money, then the lien is lost. *Held,* that the taking the collateral obligation of the vendee in this case, was a waiver of the lien for the purchase-money.

ON appeal from the high court of errors and appeals; Hon. Charles Scott, chancellor.

On the 22d April, 1851, A. Patterson filed his bill against the administrators and heirs of Richard Edwards, and against the widow and heirs of John Snodgrass, charging, that on the 1st May, 1843, he sold and conveyed certain lots in Yazoo City to Richard Edwards for the consideration of some $10,000 cash, then paid, and that said Edwards would take up and deliver to complainant two certain notes due to the Planters

Bank, and payable 26th February, 1840.    The deed for the lots
expresses the consideration as stated, " in consideration of said
Edwards assuming to well and truly pay and satisfy the prin-
cipal and interest due upon " said notes, &c., &c.

It is charged, that the purchase was in fact made for Snod-
grass, and with his means, and for that reason, only, his heirs
are made parties, there being no administration on his estate;
and that said notes are yet unpaid, and are secured by a mort-
gage on valuable property of complainant.    The bank was not
a party to said contract made.    And Patterson further claims a
lien on said lots, and prays an account, and that they be sold
to pay the sum due on said notes, &c., &c.

The administrators of Edwards appeared and filed a general
demurrer, which was sustained, and the bill dismissed as to all
parties, when they prayed this appeal.

*G. L. Potter*, for appellant.

The statute exempts administrators from suit for nine months
after the grant of letters, and that time is to be deducted; there-
fore, seven years had not elapsed, within the intent of the law,
since the act of 1844, and the demurrer was improperly sus-
tained.    It is idle to pretend that less than seven years would
bar complainant.    His claim arises upon a deed, and the sale
may be said to have been upon condition that Edwards would
assume payment of the notes.

But there are broader grounds on which to rest this bill.
The notes were past due at the date of the deed, and it was
made " in consideration of Richard Edwards' assuming to well
and truly pay and satisfy the principal and interest due " upon
the notes.    He had not assumed — the bank was no party —
but he was to do so.    Upon no fair construction can it be said
that Edwards had assumed to pay the notes; the matter was
prospective, and a demand or refusal was necessary to put him
in default.    No time of performance was fixed, and a demand
was necessary before the statute began to run.    *Eames* v. *Sav-
age*, 14 Mass. 425; *Buchanan* v. *Parker*, 5 Ired. 597.

Upon the terms of this deed, the law raised a lien in favor

of the grantor; and it is thus a lien reserved by deed. The grantee entered, if at all, under that deed, and held subject to it. There is no pretence of an adverse holding, or of any other title, and this deed is not a color for absolute title. This claim was not, therefore, barred in seven years, but would be subject to a bar after ten years holding under the third section of the act, if possession had continued for that time adverse. Where, then, is there pretence to insist on the statute?

No bar would attach in such a case without an adverse possession, and none such is showed. The decree is wrong in any event. It dismisses the whole bill, while but one defendant demurs.

*W. C. Smedes,* for the appellees.

The remedy in this case was at law against Edwards for a breach of agreement. When any thing else than money is agreed to be paid, the vendor's lien does not attach; and there being in this case something else to be paid than money, it does not apply. Where there is an exchange of property, it has no application; where the price paid sounds merely in damages (as in this case), it has no application. *McKellip* v. *McKellip,* 8 Barb. S. C. R. 553; *Brawley* v. *Catron,* 8 Leigh, 522, 528. It applies alone to purchase-money. Now, it must be obvious, that the agreement of Edwards sounded only in damages, which were unliquidated and uncertain, depending upon the fluctuating value of Planters Bank money. Such a contract is not money. If Patterson had taken up his own notes, and sued Edwards at law, all he could recover would be the value of the Planters Bank notes he had paid. A tacit lien of uncertain amount, incapable of accurate ascertainment, is not secured in equity to the vendor.

But, 2. Patterson has paid nothing and lost nothing, so far as his bill shows. The bank could not file this bill for two reasons: 1. It was no party to the contract with Edwards and Patterson. 2. No one but the vendor can file it. These propositions will not be disputed. *Briggs* v. *Hill,* 6 How. Miss. R. 362–364; *Stewart* v. *Jones,* 1 S. & M. 97; *White* v. *Williams,* 1 Paige, 502. As between Patterson and Edwards, the most

favorable light in which Patterson can be placed is for equity to look upon Edwards as the principal and Patterson as the surety, and allow Patterson, if he have suffered loss by reason of Edwards's failure to pay his notes to the bank, to be substituted to the rights of the bank. But the bank having no rights of lien, could confer none by subrogation on Patterson. It would be strange indeed, if Patterson could recover here against Edwards without having himself paid one cent, and when his bill shows that both his notes and mortgage to the bank are barred, and that he never can be compelled to pay the bank any thing.

3. The whole doctrine of the vendor's lien for the purchase-money is to be strictly enforced. Courts do not favor nor extend it. It is a mere equity, equitable assets, and can only be resorted to where there is a judgment at law and return of *nulla bona*. *Rober* v. *McCook*, 7 Ala. 319–324; *Bottorf* v. *Conner*, 1 Blackf. 287; *Pratt* v. *Vanwyck*, 6 Gill & J. 495. Other courts, it is true, have holden differently, as *High* v. *Batte*, 10 Yerg. 186; but upon principle, the law is with the decisions in Alabama and Indiana.

4. Admit the vendor's lien in the fullest particular, and it is barred by limitations, for a bar of the demand is a bar of the lien. See, on this point, *Moreton* v. *Harrison*, 1 Bland, 491; *Lingan* v. *Henderson*, Ib. 236; Ib. 281; *Sheratz* v. *Nicodemus*, 7 Yerg. 9, 12.

5. Snodgrass's heirs are obviously not proper parties.

*T. A. Marshall,* on the same side.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill filed by the appellant in the superior court of chancery, alleging that he had conveyed certain lots of ground to Richard Edwards for the consideration of $10,000, paid in cash, and that Edwards would take up and deliver to him two specific notes, secured by mortgage due by the vendor to the Planters Bank, and payable in February, 1840; that Edwards made the purchase for one Snodgrass, and both of them are dead without having taken up the notes to the bank, and their

heirs and representatives are made parties. The bill claims a lien upon the lots for unpaid purchase-money, prays an account of the sum due on the notes to the bank, and that the lots be sold for the payment of it, for the benefit of the vendor.

The administrators of Edwards appeared and filed a demurrer to the bill, which was sustained, and the bill dismissed as to all the parties. The complainant appealed.

The case turns upon the question, whether the appellant retained a claim in the nature of a vendor's lien, which could be enforced against the property conveyed.

It appears by the deed of conveyance which is relied upon as establishing the lien, that a part of the consideration of it was that the vendor would assume to pay certain specified notes due the Planters Bank by the vendor.

The rule which appears to be settled by the authorities is, that in order to create such a lien, there must be a debt for unpaid purchase-money to a fixed amount due directly to the vendor. If the obligation consist of a collateral covenant, or be for the discharge of a liability to a third party, no lien is retained when the conveyance is absolute; and where the obligation of the vendee to discharge such liability appears to be substituted for the purchase-money, the lien is lost, for the obligation of the purchaser is taken instead of the purchase-money, or a direct security for it. *Clarke* v. *Royle,* 3 Sim. 499; *Paris* v. *Sweetland,* 3 My. & K. 655; *Buckland* v. *Pocknell,* 13 Sim. 406; *Brawley* v. *Catron,* 8 Leigh, 522.

In this case, the obligation of the vendee cannot be considered as more than a covenant by the vendee to pay the debts due the bank; and in case of non-performance, the remedy of the vendor was an action for the breach of the contract, and he could have recovered only the damages which should be shown to have been sustained by him through the default of the vendee. This may have been less than the amount of the notes which the vendee had agreed to pay, and the recovery would have been accordingly. If after such action brought, the vendee or his representatives had discharged the vendor's obligation to the bank, nothing more than nominal damages could have been recovered; and in this case, it is not even shown,

that the vendor has been compelled to pay the notes to the bank in consequence of the vendee's default, or that he has sustained any damage by reason of that default. Under such circumstances, it is clear that the vendor cannot abandon the contract made with the vendee and restore his vendor's lien, and have the property sold for the sum agreed to be paid by the vendee to the bank; and we think that the principles sanctioned by the authorities above cited lead to the conclusion, that the taking the collateral obligation of the vendee was a waiver of the lien for the purchase-money.

Under this view of the case, the obligation was against Edwards, and not against Snodgrass, and therefore the demurrer of Edwards's representatives brought up the equity of the whole case. If the bill could not be maintained against Edwards for the reason above stated, it is manifest that it could not be maintained against the heirs of Snodgrass. It was, therefore, useless to retain it as to them, and the whole bill was properly dismissed.

The decree is affirmed.