Mitchell *vs.* Butt and wife.

Isaac G. Mitchell, plaintiff in error *vs.* Jesse M. Butt and wife, defendants in error.

(By two judges.)—Where A, at the request of B, paid to C the purchase money of certain land, previously sold by C to B, with the understanding that A should have a lien upon the land for the money, as C had, and C, therefore, made to B a deed, and B gave to C a written promise to pay him the amount "for the south half of land lot number one hundred and thirty-two, containing one hundred and one and a quarter acres, more or less, lying and being in the 14th district of Fulton county:"

*Held,* That A had, before the adoption of the Code, a lien on the land, in equity, for the purchase-money, and a bill filed to enforce the same, was not demurrable. 12th March, 1872.

Vendor and purchaser. Estoppel. Before Judge Hopkins. Fulton Superior Court. April Term, 1871.

Mitchell's bill against Butt and his wife made this case: In 1862, Butt and his wife had purchased of one Rogers certain described land, he agreeing to make them a title to the same when they paid the price of it to him. They had paid no part of the price, and could not. They asked Mitchell to pay Rogers the price for them, agreeing that if he would the land should be bound to him till his money was repaid. Accordingly, Mitchell paid Rogers the price, $900, Rogers made a title to Butt and his wife, and they gave Mitchell this paper:

"Atlanta, Georgia, Nov., 14th, 1862.

"Two years after date, with interest from date, we promise to pay to J. G. Mitchell the sum of $900 for the south half of land lot number one, etc., (fully describing the land.) Witness our hands and seals," and they signed and sealed the same.

Now Butt and wife offer to sell said land, saying that their title to it is clear, and that there is no lien or encumbrance upon the same. He prayed that they be enjoined from selling, lest an innocent purchaser, without notice of said pa-

Mitchell *vs.* Butt and wife.

per, might defeat his lien, and that the land be sold to pay said $900 and interest. This bill was dismissed for want of equity. That is assigned as error.

D. F. HAMMOND, for plaintiff in error. Rogers would have had a lien for the purchase-money, and Mitchell is subrogated to his rights in equity: 2 Bouv. L. D., 553; 6 Watts and S. R., 190; 2 Bouv. Inst., 1413; Revised Code, sections 2150, 2151; 37 Ga. R., 221; 34th, 387. Vendor's lien abolished in 1863. The contract sustains the bill: Revised Code, sections 3026, 1945.

J. M. CALHOUN & SON, for defendants. Mitchell was not vendor: 9 Ga. R., 90. The paper is what it was intended to be: 13 Ga. R., 94, and is simply a promise to repay borrowed money.

McCAY, Judge.

It would be a gross fraud to permit these parties to repudiate their solemn agreement, under their hands and seals, to the effect that, in the payment of this money for their benefit, the complainant should stand in the place of the original vendor of the land. Under the agreement they got the money, the vendor made them a deed, and they solemnly agreed that the money they owed the complainant was the purchase-money of the land. Whether this be in fact, true or not, they are estopped by their written and sealed paper from denying it. This is an estoppel by deed. But they are also estopped from denying the lien because they have gotten the plaintiff's money on that idea.

This question, as it stands, is a simple question between the parties, no third person's rights are in the way, and the equity in favor of the complainant is very strong. The lien of the vendor is founded on the equitable principle that, as he has sold his land, taking no other security, it is fair to presume that he looked to the land for his protection; and

that it is only right that the land shall stand charged with the debt contracted for its purchase. Much more is all this true here. These parties have gotten this land with complainant's money, and they have *agreed* that they so hold it. We think, therefore, that by the principles of equity, this bill is not demurrable.

Judgment reversed.