' CASE 102—PETITION EQUITY—FEBRUARY 10.

# Mize v. Barnes.

APPEAL FROM PULASKI COURT OF COMMON PLEAS.

1. Where the parties to a deed intend it, a lien for the purchase money, payable to a third party, may be retained for her benefit with her· consent.

2. The claimant under a deed holds subject to the burdens it imposes.

MORROW & NEWELL AND PETTUS & PETTUS FOR APPELLANT.

1. A lien cannot be retained for the benefit of a stranger to a deed, especially so unless the stranger accepts its benefits before other rights attach.   (10 Bush, 426 ; 11 Bush, 39.)

2. It is only where there is a statement of the unpaid purchase money that a lien between vendor and vendee can be retained against purchasers or creditors.

CURD & WADDLE FOR APPELLEE.

1. A lien for the purchase money may be retained in a deed for the benefit and use of a third party, and this is so at common law.   (Pack v. Carder, &c., 4 Bush, 121 ; Story's Eq. Jurisprudence, secs. 1227, 1233;. Gen. Stat., sec. 24, chap. 23 ; Ibid, sec. 12, chap. 24; Summers, &c.,. v. Kilgus, &c., 14 Bush, 456.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

It is manifest on the face of the deed that. William Whit-·son, the grantee, executed his note to Mrs. Barnes for the purchase money he agreed to pay for the land, and that both grantor and grantee intended that the payment of the note should be secured by a lien on the land.   Such being the evident design of both parties, there was certainly a lien. good as between them.   It does not matter whether Abra-·ham Whitson had paid for the land or not; he caused the· note of William to be executed to Mrs. Barnes, and she is. entitled to the note and to enforce payment, and it is immaterial what the consideration may have been as between her· and Abraham Whitson.

The sole question then is, whether, if by arrangement between vendor and vendee, the latter executes his note for the purchase money to a third person, a lien can be retained in the deed in favor of such person.

The deed here recites the execution of the note to Mrs. Barnes, and declares that "the party of the first part doth retain a lien on said property until said note is well and truly paid."

In Pack v. Carder (4 Bush, 121) W. F. Carder held the equitable title to a tract of land which he sold to Pack. Wallace and J. J. Carder held the legal title and conveyed it to Pack. Nichols was indebted to Pack, and by arrangement between Pack, Nichols, and W. F. Carder, Nichols gave his notes to Carder for the price of the land. Neither the maker or payee was a party to the deed, and the question was, whether there was a lien on the land to secure the payment of the notes.

The deed set forth the amount of the consideration, the times of payment, and that notes had been executed therefor by Nichols, payable to Carder, and the record showed that this arrangement, as to the purchase money notes, was made with the knowledge and assent of all the parties; but the deed did not in terms purport to retain a lien to secure the notes.

The court was equally divided on the question whether there was a lien. The Chief Justice (Williams) and Judge Hardin held there was a lien, and Judges Robertson and Peters that there was not. It is evident that these latter judges would have held otherwise if it had appeared from the deed that it was the intention of the parties to secure the notes by a lien on the land.

That intention does clearly appear in this case.    It is true that Mrs. Barnes is not a party to the deed, but the deed shows that the grantee executed his note to her for the purchase money, and if the stipulation for a lien cannot be said to have been made with her, then it was made with the grantor for her benefit, and being so made, she may enforce it.

That the deed was not recorded, and therefore was not constructive notice to the appellant that a lien had been retained, and that he had no actual notice, is not material. He claims under the deed.    Whatever title he has comes through it, and he must hold subject to the burdens imposed by it.

It is next contended, that although a lien was retained for the security of the note, it was not effectual until accepted by Mrs. Barnes, and that there is nothing to show that she did accept it prior to the levy of the *fi. fa.* under which the appellant purchased, and that she could not accept it after the levy to the prejudice of the execution creditor or of the purchaser.

We think it sufficiently appears from the petition that the arrangement evidenced by the deed was agreed to by all parties at the time the note was executed; and although the deed was not made until some months afterward, that it was made in accordance with the original agreement.

The appellant, in his amended answer, attempted to put this fact in issue by denying that Mrs. Barnes was a party to the transaction in relation to the land, so far as the execution of the note and the retention of the lien were concerned. She was certainly a party to the execution of the note, and what is said in the answer in respect to the lien does not necessarily import anything more than that she was not a

party to the deed, and, therefore, not a party to the agreement for a lien. As already intimated, it was not necessary that she should be a party in order to render the lien valid. It was sufficient, if the lien was retained for her benefit, with her knowledge and consent, and this is, we think, sufficiently shown, and the judgment must be affirmed.