MYER BACH et al., Respondents, *v.* DAVID KIDANSKY et al., Appellants.

REAL PROPERTY — VENDOR'S LIEN — PROPERTY CONTRACTED TO BE SOLD SUBJECT TO MORTGAGES FOR CERTAIN AMOUNT BUT CONVEYED SUBJECT TO MORTGAGES FOR LESS AMOUNT — WHEN VENDOR'S LIEN MAY BE ENFORCED FOR DIFFERENCE IN AMOUNT. The facts examined in an equitable action to establish a vendor's lien on real estate ·in which the issue was whether or not such a lien was created, where the vendees had contracted to take the property for a certain sum in cash and subject to four mortgages, one of which, the third, was secured by a collateral mortgage on other property owned by the vendors: it being provided by such third mortgage that when the property covered by it was sold, $3,000 should become due thereon, and that when $4,000 was paid thereon the collateral mortgage should be discharged, and at the time of closing title the assignee of such third mortgage, who was the wife of one of the vendees, refused to accept on such mortgage the sum of $3,000 from the vendees and the sum of $1,000 from the vendors and subrogate them to the extent of $1,000 in such mortgage; whereupon the vendors, who had contracted to sell the property covered by the collateral mortgage free and clear from incumbrances, paid such assignee the sum of $1,000, in consideration of which she released and canceled the collateral mortgage, the result being that the vendees paid in cash and by the assumption of mortgages $1,000 less than they agreed to pay for the premises. *Held,* that the payment of said $1,000 by the vendors to obtain a discharge of the collateral mortgage is to be considered in law as a part of the purchase money, and the vendees having refused to pay the same on closing title, a vendor's lien was at once impressed on the premises.

*Bach* v. *Kidansky,* 106 App. Div. 502, affirmed.

(Argued October 26, 1906; decided November 13, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July

13, 1905, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Manfred W. Ehrich* for appellants. As no part of the purchase money remains unpaid the plaintiffs are not entitled to a vendor's lien. (*McKillip* v. *McKillip*, 8 Barb. 552; *Camp* v. *Gifford*, 67 Barb. 434; 4 Kent's Comm. [12th ed.] 152; Story's Eq. Juris. [13th ed.] §§ 1218–1232; Sugden on Vendors [8th Am. ed.], 671; *Hare* v. *Van Dusen*, 32 Barb. 92; *Bradley* v. *Bosley*, 1 Barb. Ch. 125; *Maroney* v. *Boyle*, 141 N. Y. 462; *Hubbell* v. *Henrickson*, 175 N. Y. 175; *Seymour* v. *McKinstry*, 106 N. Y. 230; *Walrath* v. *Abbott*, 75 Hun, 445.) The plaintiffs, by conveying the property upon payment of $8,000, waived whatever rights they might at that time have asserted to the payment of any additional sum as purchase money. (*Gerhardt* v. *Sparling*, 49 Hun, 1; *Howes* v. *Barker*, 3 Johns. 506; *Houghtaling* v. *Lewis*, 10 Johns. 297; *Williams* v. *Hathaway*, 19 Pick. 387; *Crotzer* v. *Russell*, 9 S. & R. 78; *Stebbins* v. *Eddy*, 4 Mason, 414.)

*Edward W. S. Johnston* for respondents. The plaintiffs clearly have a vendor's lien on this property in question for the $1,000 unpaid portion of the purchase price of the premises. (*Lucas* v. *Wade*, 31 So. Rep. 231; *McWhorter* v. *Stewart*, 39 App. Div. 214; *B. S. Bank* v. *B. T. Co.*, 85 Hun, 75; *White* v. *Taylor*, 52 S. W. Rep. 820; *Maroney* v. *Boyle*, 141 N. Y. 467; *Garson* v. *Green*, 1 Johns. Ch. 308; *Bradley* v. *Bosley*, 1 Barb. Ch. 125; *Stafford* v. *Van Rensselaer*, 9 Cow. 316; *Auburn* v. *Settle*, 3 T. & C. 258; *Koch* v. *Roth*, 37 N. E. Rep. 317.) The respondents did not, by conveying this property and accepting the $6,500 called for by the contract to be paid by the appellants at the time of closing title, waive their right either to the payment of the $1,000 balance or to a lien therefor against the property so

24

conveyed by them. (*Purdy* v. *Coar*, 109 N. Y. 448; *Bank-head* v. *Owen*, 60 Ala. 457; *B. S. Bank* v. *B. T. Co.*, 85 Hun, 75; *Koch* v. *Roth*, 37 N. E. Rep. 320; *Seymour* v. *McKinstry*, 106 N. Y. 230; *Wilson* v. *Lyon*, 5 Ill. 166; *Coles* v. *Withers*, 33 Gratt. 186; *Selna* v. *Selna*, 58 Pac. Rep. 17; *Camp* v. *Gifford*, 67 Barb. 434; *Dubois* v. *Hull*, 43 Barb. 26; *Fenter* v. *McKinstry*, 91 Ill. App. 255.) The plaintiffs had no right of subrogation to the amount of $1,000 in this $13,000 mortgage, and if they had it such a right is not exclusive and they also have their right to a vendors' lien. (*Koehler* v. *Hughes*, 148 N. Y. 507; *Koch* v. *Roth*, 37 N. E. Rep. 320; *Auburn* v. *Settle*, 3 T. & C. 258; *Pleasants* v. *Fay*, 13 App. Div. 237.)

EDWARD T. BARTLETT, J. This is an action in equity to establish a vendor's lien upon real estate for unpaid purchase money. The plaintiffs agreed to sell to the defendants, and the latter agreed to purchase, improved real estate in the city of New York, known as 321, 323 and 325 Madison street for $101,000. The contract was reduced to writing and duly executed. The terms of payment were $1,500 in cash at time of executing the contract; $6,500 in cash on delivery of the deed, and $93,000 by taking deed of premises subject to four mortgages aggregating that amount, each covering all or a portion of said premises. One of these was a third mortgage of $13,000, covering entire premises, secured by a collateral mortgage of like amount on 185 and 187 Allen street in the city of New York. There was a covenant in the $13,000 mortgage that in case of sale of the mortgaged premises, $3,000 of principal was to become immediately due and payable. The present litigation is due to the transactions relating to this mortgage.

The order from which this appeal is taken states that the reversal is on the law and the facts, but an examination of the record shows that no material fact is in dispute; in view of the uncontradicted testimony and the admissions in the answer, there were presented to the Appellate Division ques-

1906.]       BACH *v.* KIDANSKY.       371

N. Y. Rep.]    Opinion of the Court, per EDWARD T. BARTLETT, J.

tions of law only, upon undisputed facts, as was stated in the opinion of that learned court.

After the execution of the contract and prior to the law day, the $13,000 mortgage was purchased by Flora Levy, the wife of the defendant Louis J. Levy. It appears that the collateral mortgage on the Allen street property, to which reference has already been made, contained a provision that when $4,000 should have been paid on the principal mortgage covering the Madison street property, the collateral mortgage should be satisfied. The plaintiffs had after the execution of the contract with defendants agreed to sell the Allen street property to Weil and Mayer free and clear of all incumbrances.

At the time fixed for the closing of the title, November 30th, 1903, an adjournment was taken to December 1st, 1903, the fact having become known that Flora Levy had purchased the $13,000 mortgage and the collateral mortgage on the Allen street property. It was also agreed that the defendants' counsel should notify Flora Levy to be present at the time and place for closing the title, in order that the plaintiffs might pay to her either the sum of $4,000 or that the defendants should pay to her the sum of $3,000 and the plaintiffs the sum of $1,000, so as to comply with the conditions of said mortgages, and to obtain a cancellation of the collateral mortgage on the Allen street property. On the 1st of December, 1903, at the time for closing title, Flora Levy did not attend, and on her behalf her husband, the defendant Louis J. Levy, refused to accept the sum of $3,000 from the defendants and the sum of $1,000 from the plaintiffs, with interest, and execute a satisfaction or release of the Allen street mortgage, and also execute a writing produced by plaintiffs' counsel, subrogating the plaintiffs to an interest of $1,000 in the said $13,000 mortgage. Thereupon the plaintiffs paid to Flora Levy the sum of $1,000 on said mortgage, and she released and canceled the collateral mortgage on the Allen street property.

The plaintiffs, upon receiving the final cash payment of $6,500, delivered to the defendants a conveyance of the prop-

erty, having, as matter of fact, received from them only the sum of $100,000, instead of $101,000 they had covenanted to pay.

On these undisputed facts plaintiffs insist that the sum of one thousand dollars so paid by them to Flora Levy was under compulsion in order to secure the closing of the sale of the Madison street property and clear the title of the Allen street property from the lien of the collateral mortgage, the plaintiffs having contracted to convey the same to Weil and Mayer free and clear.

The transaction at the time of closing the title is thus stated by one of the attorneys for the plaintiff on the witness stand : " There was paid on the $13,000 mortgage at the time of the closing simply the $1,000. The other $3,000 that was to be paid at the time of the closing of the title was a matter to be paid by the grantees, and that was conceded to them on the closing in the figures I have given, and the $1,000 also, the whole $13,000 was deducted from the purchase money, although there was only $12,000 unpaid."

Mrs. Levy, as the owner of the $13,000 mortgage, was entitled to a payment of $4,000 thereon before discharging the lien of the collateral mortgage on the Allen street property ; the plaintiffs paid $1,000, and the balance of $3,000 was due to her from her husband and his co-defendant as vendees of the Madison street property under the contract with plaintiffs. If she saw fit to extend to the vendees further time in which to pay it did not concern the plaintiffs.

The sale of the Madison street property and the collateral mortgage on the Allen street property to secure the payment of the third mortgage for $13,000 on the Madison street property are one transaction and are to be construed together. The vendees in the Madison street contract were given the full credit for the $13,000 mortgage when taking title, notwithstanding the fact that the vendors (the plaintiffs) had paid $1,000 thereon to the assignee thereof, Mrs. Levy. The bald proposition of the vendees is that while there is really due on said mortgage only $12,000, they are to evade pay-

ment of $1,000 of the purchase money paid for their account by the vendors, in order to escape loss under their contract to sell the Allen street property free and clear of all incumbrances.

We are not called upon to determine the position of the vendees if they had refused to take title on the law day ; the question now presented is as to the vendors' rights, the vendees having taken title subject to the $13,000 mortgage. The appellant vendees insist that the payment of $1,000 to Flora Levy was a transaction that cannot be considered in the matter of the sale of the Madison street property, and that if vendors have any remedy it is an action for their subrogation to the extent of the amount in question, to the rights of Flora Levy in the $13,000 mortgage.

We are of opinion that this view of the legal situation is erroneous, and that the payment of the $1,000 by vendors is to be treated in law as a part of the purchase money, and the vendees having refused to pay the same on closing title, a vendor's lien was at once impressed upon the premises sold.

It is of no importance whether the defendant Louis J. Levy was the real purchaser of the $13,000 mortgage and the collateral mortgage, using his wife's name as a cover. We may assume Mrs. Levy purchased in good faith. The vendees were entitled by the terms of the collateral mortgage to secure its satisfaction by payment of $4,000 on the $13,000 mortgage ; the vendees, by accepting title to the Madison street premises on the law day, took it subject to the mortgage upon which the vendors had paid $1,000. The vendees now insist that while they were allowed the full amount of the $13,000 on taking title, when in fact only $12,000 was due thereon, they are under no liability to refund the vendors the $1,000 paid under the express terms of the collateral mortgage. In a court of equity such a suggestion cannot be entertained — forms give way to substance — and the vendees must pay for the premises the sum agreed upon ; they cannot escape payment of one thousand dollars by reason of Mrs. Levy's pur-

chase of the $13,000 mortgage. The rights of the parties were not changed by that incident.

Mr. Warvelle in his recent treatise on the "American Law of Vendor and Purchaser of Real Property" (Vol. 2, § 678) states: "The implied lien of a vendor for the unpaid purchase money, though having many apparent analogies in the law, is nevertheless *sui generis* and distinguished from all those things to which it may bear some resemblance.     *  *  * It appears to be founded upon the presumption that the vendor does not intend unconditionally to part with his land without payment, and that, in common honesty, he who buys land from another should pay for it, or if he does not that the land should be held for whatever he fails to pay."

It has been sometimes said by learned courts that equity judges have experienced difficulty in finding a solid basis upon which to rest the lien. As between the original parties and persons having actual notice of the lien no better foundation is required than that above stated. (*Garson* v. *Green*, 1 Johns. Ch. 308; *Bradley* v. *Bosley*, 1 Barb. Ch. 125; *Stafford* v. *Van Rensselaer*, 9 Cow. 316; *Seymour* v. *McKinstry*, 106 N. Y. 230, 239; *Dusenbury* v. *Hulbert*, 59 N. Y. 541.)

The order appealed from should be affirmed and judgment absolute ordered for the plaintiffs on appellants' stipulation, with costs in all the courts.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; GRAY, J., absent.

Ordered accordingly.