CULLEN, Ch. J., GRAY, CHASE, CUDDEBACK, HOGAN and MILLER, JJ., concur.

Judgment of conviction affirmed.

---

JOHN ZEISER, Respondent, *v.* SARA O. COHN, Individually and as Executrix of and as Trustee under the Will of MARK COHN, Deceased, et al., Appellants, Impleaded with Another.

Equity — action to enforce a vendor's lien — conveyance by debtor to a creditor in payment of debt to said creditor and to pay other debts contained in a list of creditors — when creditor named in such list may have lien on such property for debt due to him — election of remedies — creditor may maintain action to enforce vendor's lien even though an action at law could be maintained against vendee to enforce promise to pay debt.

1. The equitable remedy to enforce a vendor's lien will lie in favor of a creditor in payment of whose debt a conveyance of property is made, where no intervening rights of other creditors are involved, since the fundamental principle underlying the lien is that it would be unconscionable for the vendee to· hold the land conveyed and not pay for it. Such a creditor is entitled to have a lien decreed in his favor, and the lien may be enforced where the ascertainment of the amount due is only an incident to the main relief. In such case

the creditor stands in the shoes of his debtor, who is the vendor, and to that extent he is for all practical purposes equitably subrogated to the rights of the vendor.

2. One of the defendants being indebted to plaintiff transferred all his real and personal property to his mother in payment of an indebtedness to her and in consideration of an agreement on her part to save him harmless from and to pay the debts owing by him contained in a list of his creditors contained therein. The plaintiff's name was found to have been in the original instrument. Litigation ensued as to plaintiff's claim and in the meantime all the personal property and most of the realty so conveyed was sold, and all the debts of the mother, who died before this action was brought, were paid, leaving outstanding only the debt of plaintiff. This action is brought to establish and enforce a vendor's lien upon the lands so conveyed which remained unsold. *Held,* that the creditor is entitled to and may enforce a vendor's lien against such lands.

3. It does not follow, because an action at law can be maintained on such a promise as was made by the vendee, that an equitable action in the nature of an action to establish a vendor's lien may not be maintained. On the contrary, the remedies are concurrent and not exclusive.

4. Where the creditor was prevented by the person taking the title or her successors in interest from satisfying his debt out of the personal property when it was available to him, equity, in the exercise of its comprehensive jurisdiction over frauds, will mold its relief to meet the exigencies of the case, and fix a lien upon the real estate in favor of the plaintiff.

5. Plaintiff was compelled to elect between two inconsistent theories and thereafter he obtained leave to amend his complaint. There was no review of that order and it is, therefore, the law of the case upon the character of the complaint and the nature of the issues involved.

*Zeiser* v. *Cohn,* 144 App. Div. 825, affirmed.

(Argued October 29, 1912; decided February 25, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 18, 1911, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Andrew J. Nellis* for appellants. If any action can be maintained by respondent on Theresa Cohn's agreement with Jacob to pay the latter's debt to him, it is an action at law directly upon the promise and not in equity because of the consideration for the promise. (*F. N. Bank v. Chalmers*, 144 N. Y. 432; *Clark v. Howard*, 150 N. Y. 232; *Pardee v. Treat*, 82 N. Y. 389; *Cook v. Berrott*, 50 N. Y. S. R. 163; *Barry v. Hill*, 166 Penn. St. 344.) Before equity can or will impress a lien upon the property in question in favor of respondent, he must allege and prove recovery at law against Theresa Cohn upon her promise and execution returned in the county of her residence unsatisfied. (*Trotter v. Lisman*, 199 N. Y. 501; *Fox v. Fitzpatrick*, 190 N. Y. 266; *Beardsley Scythe Co. v. Foster*, 36 N. Y. 565; *Pritchard v. Pritchard*, 134 App. Div. 304; *Kelly v. S., etc., Co.*, 186 N. Y. 16; *Potter v. Merchants' Bank*, 28 N. Y. 655; *Thayer v. Manley*, 73 N. Y. 309; *Decker v. Matthews*, 12 N. Y. 319; *Walrod v. Ball*, 9 Barb. 276; *Kain v. Larkin*, 131 N. Y. 300.) The trial court does not find, and upon the testimony it could not have found, that respondent ever assented to Theresa Cohn's contract to pay his claim, if she did make such contract, or ever adopted the agreement as made for his benefit. Therefore, the conclusion of law that respondent had a vendor's lien has not sufficient findings of fact to support it. (*Callanan v. K., etc., R. R. Co.*, 199 N. Y. 282; *Rodgers v. Clement*, 162 N. Y. 427; *Morehouse v. B. H. R. R. Co.*, 185 N. Y. 527; *Pardee v. Treat*, 82 N. Y. 389; *Palmer v. Stirling*, 41 Mich. 218; *Womble v. Womble*, 113 Pac. Rep. 353; *Alcock v. Davitt*, 179 N. Y. 9; *Wheat v. Rice*, 97 N. Y. 296; *Warren v. Wilder*, 114 N. Y. 209; *Clark v. Howard*, 150 N. Y. 238.) A vendor's lien never existed in the premises, either in favor of Jacob Cohn or the respondent. (*Hare v. Van Deusen*, 32 Barb. 96; *Harris v. Hanie*, 37 Ark. 348; 4 Kent's Comm. [11th ed.] 167.) As a vendor's lien does not arise, according to the common law,

from a sale and delivery of personal property, but is confined to sales of real estate, it follows that neither Jacob Cohn nor respondent acquired a lien to secure the performance of any part of this contract, which, according to the complaint, was the consideration or price for the sale of both personal property and land, without distinction. (*Peters* v. *Tunell*, 43 Minn. 473; *Warner* v. *Bliven*, 127 Mich. 665; *Clark* v. *Stilson*, 36 Mich. 482; *Stringfellow* v. *Ivie*, 73 Ala. 209; *Wilkinson* v. *Palmer*, 82 Ala. 367; *McCandish* v. *Keen*, 13 Gratt. 615; *Welch* v. *Farmers' Loan & Trust Co.*, 165 Fed. Rep. 566; *Brawley* v. *Catron*, 8 Leigh, 522; *Camp* v. *Gifford*, 67 Barb. 440; *Brown* v. *Gilman*, 4 Wheat. 291; *Gilman* v. *Brown*, 1 Mason, 191; *Snyder* v. *Snyder*, 115 N. Y. Supp. 993.) The commencement of this action and the service of the original complaint was an irrevocable election on the part of the respondent to disaffirm the contract of Theresa Cohn to pay indebtedness of Jacob Cohn, and to refuse to receive or to adopt the same as made for his benefit. (*Bach* v. *Tuch*, 126 N. Y. 59; *Moller* v. *Tuska*, 87 N. Y. 169; *Matter of Garver*, 176 N. Y. 386; *Marx* v. *Ciancimino*, 59 App. Div. 570; *Henry* v. *Harrington*, 193 N. Y. 221; *Mills* v. *Parkhurst*, 126 N. Y. 93; *Washburn* v. *Benedict*, 46 App. Div. 484; *Conrow* v. *Little*, 115 N. Y. 387; *E. C. Foundry Co.* v. *Hersee*, 103 N. Y. 26; *Hays* v. *Midas*, 104 N. Y. 604; *Fowler* v. *Bowery Sav. Bank*, 113 N. Y. 450; *Rodermuud* v. *Clark*, 46 N. Y. 354; *Morris* v. *Rexford*, 18 N. Y. 552; *Bank of Beloit* v. *Beale*, 34 N. Y. 473.) The continued prosecution of his action against Jacob Cohn, with full information of what he now claims was the agreement of Theresa Cohn, was an election of a right to disaffirm her contract and refuse to adopt it. (*Terry* v. *Munger*, 121 N. Y. 161; *Kennedy* v. *Thorpe*, 51 N. Y. 174.)

*Danforth E. Ainsworth, Charles E. Sullivan* and *Fletcher W. Battershall* for respondent. The vendor of

real estate has a lien on the estate sold for the purchase money. The vendee becomes a trustee to the vendor for the purchase money or so much as remains unpaid. (*Hovell* v. *Hendrickson*, 175 N. Y. 175; *Bradley* v. *Bosley*, 1 Barb. Ch. 152; *Maroney* v. *Boyle*, 141 N. Y. 462; *Fisk* v. *Potter*, 2 Keyes, 68.) Where, as part of the consideration for the transfer of real estate, the grantee agrees to pay the debt of the grantor to a third person, such third person has an equitable lien upon the real estate which he can enforce in equity against the grantee. (*McWhorter* v. *Stewart*, 39 App. Div. 212; *Binghamton Savings Bank* v. *Binghamton Trust Company*, 85 Hun, 75; *Ahrens* v. *Jones*, 169 N. Y. 555; *Clyde* v. *Simpson*, 4 Ohio St. 445; *Whetsell* v. *Roberts*, 31 Ohio St. 503; *Stehle* v. *Stehle*, 39 App. Div. 440; *Halleck* v. *Smith*, 3 Barb. 272.) The plaintiff was never compelled to forego his right to equitable relief and to bring his action at law. (*Back* v. *Kidansky*, 106 App. Div. 502; *Clark* v. *Howard*, 150 N. Y. 238; *Pardee* v. *Treat*, 82 N. Y. 385.) As between the original parties to the transaction and those standing in their shoes, when no equities of any third person intervene, a vendor's lien attaches upon the broad principle that it is inequitable that a vendee should keep the property and not pay for it, and this regardless of the fact as to whether the amount of the claim is already determined or not. (*Stehle* v. *Stehle*, 39 App. Div. 440; *Redpath* v. *Redpath*, 75 App. Div. 95; *Matter of Hess*, 110 App. Div. 476.) The propriety of the form of this action was settled upon the amendment of the complaint at the Special Term and the affirmance of the Appellate Division (118 App. Div. 913), which has become the law of this case. It follows that the service of the original complaint was not an irrevocable election on the part of the respondent to disaffirm the contract of Theresa Cohn and to pay respondent's claim against Jacob. (*Mills* v. *Parkhurst*, 126 N. Y. 89; *Matter of Garver*, 176 N. Y. 386.)

WERNER, J. This is a suit in equity to establish and enforce a vendor's lien upon land sold by Jacob Cohn to his mother, Theresa Cohn, under an agreement by which the grantee promised to pay the claims of certain creditors of the grantor, and among them the claim of the plaintiff. The land against which the plaintiff's lien has thus far been upheld by the courts has been sold under mortgage foreclosure, but, by stipulation, the surplus which arose upon the sale is held in its place. The complaint, in its original form, proceeded upon dual and inconsistent theories of relief, which gave rise to many troublesome questions of practice and dilatory motions that cannot now be considered in detail without losing sight of the main issue. Only a few of these incidental matters are of present interest and these we shall touch upon most briefly; the rest have been resolved in plaintiff's favor and may be dismissed without further mention. As the case stands, stripped of all non-essential questions, the plaintiff is in court solely upon his claim of right to a vendor's lien. The facts pertinent to that claim can be very briefly stated.

In June, 1902, the defendant Jacob Cohn was indebted to the plaintiff in the sum of over $5,000. On June 2d of that year Jacob executed two instruments of transfer, by which he conveyed to his mother, Theresa Cohn, deceased, all his real and personal property, which was of considerable value. Simultaneously with the execution by Jacob of those two instruments, Theresa executed another instrument reciting that in consideration of Jacob's transfer to her, she exonerated him from certain indebtedness owing by him to her, and agreed to save him harmless from, and to pay, the debts owing by him to his creditors; and it also contained a list of these creditors with a statement of the amounts owing to some of them. At the trial it was a disputed question whether the name of plaintiff was in the list of Jacob's creditors, contained in this instrument. The paper then produced by the

defendants did not contain his name, but the court, upon
sufficient evidence, found that the plaintiff's name was
among the creditors set forth in the original instrument
executed by Theresa. This finding has been unanimously
affirmed by the Appellate Division, and upon this appeal
we must, therefore, assume that the name of the plaintiff
was in the instrument and that he was one of the persons
for whose benefit the transfer to Theresa was made.

The evidence and the findings disclose that at or about
the time of these transactions between Jacob and Theresa
the plaintiff had some hearsay information thereof, but
that he never saw the contract signed by Theresa, and
never had an opportunity to see it until after five years
of litigation with Jacob. In the supplementary proceed-
ings instituted upon the judgment which the plaintiff
recovered against Jacob in that litigation it finally trans-
pired that this agreement was in the possession of Mark
Cohn, a brother of Jacob, who then produced it, but with-
out the name of the plaintiff as one of the creditors of
Jacob whom Theresa had agreed to pay. This suit was
then commenced. We have already referred to the diffi-
culties which arose under the original complaint. At the
first trial the complaint was dismissed upon the ground
that the cause of action alleged, to set aside the transfer
from Jacob to Theresa on the ground of fraud, had not
been proved, and that the cause of action attempted to be
proved to establish a vendor's lien had not been alleged.
Upon appeal the Appellate Division reversed this decision
and granted a new trial. Then the plaintiff moved at
Special Term for leave to amend his complaint so as to
make the action one solely to enforce a vendor's lien, and
the amendment was allowed by the court upon condition
that full costs be paid. The order permitting this amend-
ment was affirmed by the Appellate Division, and no
appeal was taken from that affirmance. As the case now
stands, therefore, the suit is one to establish an equitable
vendor's lien.

**414**          ZEISER v. COHN.

The first question to consider is, whether a suit to
enforce a vendor's lien will lie under the circumstances
here disclosed.   The material part of the instrument upon
which the plaintiff relies provides that in consideration of
the conveyance by Jacob to Theresa she promises and
agrees "to save harmless the said party of the second
part (Jacob) of and from the following debts and liabili-
ties of the said party of the second part, and to pay the
same as follows." This is supplemented by a list of credit-
ors which, we must assume, includes the name of the plain-
tiff.    Thus the plaintiff's claim against Jacob entered into
and formed a part of the consideration for the promise
made by Theresa to pay.   It can hardly be doubted that
a court of equity would have granted Jacob's prayer to
have this property impressed with a lien for Theresa's
failure to pay the consideration, and we do not perceive
why the plaintiff is not entitled to the same relief.   To
the extent of his claim he stands in the shoes of his
debtor, who is the vendor, and to that extent he is for all
practical purposes equitably subrogated to the rights of
the vendor.  (*Pardee* v. *Treat*, 82 N. Y. 385, 387.)  The
learned trial court has not found that there was an
intention to create a lien; and such a finding was not
necessary.   A vendor's lien may, of course, be reserved
by express contract, but it is usually implied from cir-
cumstances.   It is a pure invention of equity to protect
those who have parted with real estate without security.
In this state the equitable principle has been extended so
far as to imply a lien in favor of a grantee who has paid
his purchase money without securing the property he
bargained for, although until quite recently it was
thought doubtful whether in this jurisdiction there is
such a thing as a vendee's lien.  (*Elterman* v. *Hyman*,
192 N. Y. 113.)

We shall not attempt to discuss the theory upon which
the vendor's lien is based, for that is a problem which no
amount of learning or discussion seems to have been able

thus far to solve. It may well be doubted whether any subject in our American law is involved in more hopeless dispute concerning its origin and the principles of its application. It is difficult to suggest any one principle upon which it securely rests, and impossible to assign any positive reason for its transplantation from the civil to the common law, except that it is a device admirably adapted to the equitable amelioration of inflexible legal rules. Although it has many apparent analogies in the law, it is yet strictly *sui generis*. Whatever its derivation may be, it is too firmly established in the jurisprudence of this state to need any justification in this day and generation. If there have been occasional indications of judicial reluctance to its enforcement, they seem to have sprung more from the difficulty of applying it to particular facts than from any sound reason against its use as a recognized agency of remedial justice. It is a remedy which must, of course, be applied with caution and discrimination, for in many cases the lien is the creature of secrecy and implication, and from its very nature calculated to work injustice to innocent third parties. No such danger exists in this case, for the answers of the defendants admit that the debts of Theresa have all been paid, and thus it is plain that the rights of no other creditors are involved. The case in short, stripped of all extraneous considerations, presents the naked question whether the equitable remedy will lie in favor of a creditor in payment of whose debt a conveyance of property is made, where no intervening rights of other creditors are involved.

In *Hallock* v. *Smith* (3 Barb. 267) the owner of real estate, being indebted to plaintiff, assigned his property to the defendant to pay certain debts due to the plaintiff. Among the assets transferred to the defendant was a note made to the assignor by one of the defendants for the purchase price of certain real property formerly owned by the assignor, who, as in this case, was plaintiff's debtor.

In that action a lien was enforced in favor of plaintiff on the real estate the debtor had conveyed. It was there contended, as it is in the case at bar, that the lien can only be asserted by the vendor; but the court distinctly held that, as the purchase-money note was assigned to secure debts owing to the plaintiff by the vendor, he was entitled to enforce the lien. This case has remained the unchallenged law of this state for over half a century, and has been many times cited with approval in this court and in the courts below. The precise question has also arisen in other cases, and the lien has been sustained in favor of a third person whose debt was made a part of the consideration of the conveyance. (*McWhorter* v. *Stewart*, 39 App. Div. 212; *Binghamton Savings Bank* v. *Binghamton Trust Co.*, 85 Hun, 75.)

In *Bach* v. *Kidansky* (186 N. Y. 368) the vendors had conveyed real property subject to certain mortgages, one of which covered other lands. For the purpose of releasing these other lands from the mortgage, the vendors paid $1,000 upon it, thus reducing to that extent the incumbrance on the property conveyed. The vendees refused to allow the vendor for this payment. This court sustained an action to establish a vendor's lien for the money thus paid on a debt owing to a third person. It may be said in passing that there seems to be no distinction in principle between that case and the one at bar. The only difference lies in the fact that there the vendor enforced the lien and here the vendor's creditor invokes the remedy. In the *Bach* case we found no difficulty in applying the equitable principles underlying the lien so as to prevent injustice, and in another case, quite similar in its facts to the one at bar (*Ahrens* v. *Jones*, 169 N. Y. 555), we upheld the claim to a lien when a person had conveyed property to his wife in consideration, among other things, of the wife's agreement to pay the plaintiff a sum of money. The plaintiff's claim to a lien was sustained, but our decision was based in part upon the

theory that this was a trust *ex maleficio*.   To the same extent see also *Harris* v. *Fly* (7 Paige, 421).

There are certain cases in this state which, on a superficial examination, would seem to indicate that no lien will be sustained in favor of third persons; but a careful reading of the opinions will disclose that the real reason underlying the decisions is that the agreements under which liens were claimed were not engagements for the payment of money to the third persons, but agreements for support and maintenance.   (*McKillip* v. *McKillip*, 8 Barb. 552; *Camp* v. *Gifford*, 67 id. 434.)   Agreements of that character have always occupied a peculiar place in the law of contracts, to which the principle of specific performance is more applicable than enforcement by lien. This distinction may explain the apparently contradictory statements by Judge Story.   (Story's Equity Juris. secs. 1227, 1233.)

Some of the text book writers lay down the rule that the lien is personal to the vendor and does not exist in favor of a third party or a creditor whose debt enters into the consideration of the transfer.   (Overton on Liens, sec. 620; 2 Devlin on Deeds, sec. 1256.)   These statements appear to be founded upon some of the earlier decisions which we think do not support the unqualified rule laid down by the authors.   The cases relied on by the text writers are *Patterson* v. *Edwards* (29 Miss. 67); *Vandoren* v. *Todd* (3 N. J. Eq. 397); *Chapman* v. *Beardsley* (31 Conn. 115); *Hiscock* v. *Norton* (42 Mich. 320); *Sears* v. *Smith* (2 Mich. 243), and *Long* v. *Burke* (2 Bush [Ky.], 90).   They are all thoroughly reviewed and satisfactorily distinguished by Judge Magruder in *Koch* v. *Roth* (150 Ill. 212).   In none of them was the question squarely presented and decided.   As to the rule in Connecticut, it is enough to say that it is doubtful whether the vendor's lien is recognized in that state (See *Soule* v. *Hurlbut*, 58 Conn. 511); and in Michigan, Mississippi and Kentucky, where other cases relied on

27

were decided, the contrary has been held in later cases involving the very question presented in the case at bar. (See *Lee* v. *Newman,* 55 Miss. 365; *Louisiana Nat. Bank* v. *Knapp,* 61 id. 485; *Kilbourne* v. *Wiley,* 124 Mich. 370; *Mize* v. *Barnes,* 78 Ky. 506.) In other states the statutes have done away with the vendor's implied lien, or the courts have never recognized its existence. (See 29 Ency. Law [2d ed.], p. 741.) In the states, however, where the implied lien is recognized and the question has arisen, it has been squarely held that a creditor whose debt enters into the consideration which passes between the vendor and vendee, is entitled to have a lien decreed in his favor. (*Carver* v. *Eads,* 65 Ala. 190; *Waller* v. *Janney,* 102 id. 442; *Francis* v. *Wells,* 2 Colo. 660; *Mitchell* v. *Butt,* 45 Ga. 162; *Koch* v. *Roth,* 150 Ill. 212, 223; *Barrett* v. *Lewis,* 106 Ind. 120; *Pruitt* v. *Pruitt,* 91 id. 595; *Mize* v. *Barnes,* 78 Ky. 506; *De L'Isle* v. *Succession of Moss,* 34 La. Ann. 164; *Kilbourne* v. *Wiley,* 124 Mich. 370; *Simily* v. *Adams,* 88 Mo. App. 621; *Lee* v. *Newman,* 55 Miss. 365; *Louisiana Nat. Bank* v. *Knapp,* 61 id. 485; *Compton* v. *Railway Co.* 45 Oh. St. 592, 621; *Zwingle* v. *Wilkinson,* 94 Tenn. 246; *Vanmeter* v. *Vanmeter,* 3 Gratt. [Va.] 148; *Joiner* v. *Perkins,* 59 Tex. 300; *Tisen* v. *Wabash Ry. Co.,* 15 Fed. Repr. 763.) Some of the text writers adopt the same rule. (Story's Equity Juris. sec. 1227; 2 Jones on Liens [2d ed.], sec. 1094.) One state, North Dakota, has adopted the contrary rule, but an examination of the single case on the subject discloses that the statute there confines the lien to the vendor, and the decision was based entirely upon the statute. (*Bray* v. *Booker,* 6 N. D. 526.)

As the result of our examination of the more recent decisions of the courts of other states upon this subject, we think the strong consensus of judicial opinion is against making any distinction *per se* between the vendor and his creditor when it is plain that the sum to be paid to the vendor's creditor is in fact a part of the purchase

price to be paid by the vendee. Nor do we see why, on principle, there should be any such distinction. If A sells his land to B why should they not be able to agree that the whole or a part of the purchase price shall be paid by B to the creditors of A? If this may be done as to one creditor, why not as to a number? Equity, the parent of this lien, looks through mere form to the substance of things. For all practical purposes it is the same whether the lien is declared in favor of the vendor or his creditor. The evils which arise from the inherent character of the lien and its usually secret origin are no greater in the one case than in the other. Equity simply subrogates *pro tanto* the creditor of the vendor for the vendor himself.

It is also urged by the learned counsel for the appellants that the amount of plaintiff's debt was unliquidated when Jacob and Theresa executed those instruments and that, therefore, no lien was created. Some of the books contain expressions to the effect that no lien will lie except for a fixed, certain amount. It is difficult, if not impossible, to ascertain upon what principle that idea is based. The vendor's lien is peculiarly a creation of equity devised to protect one party who has parted with land without being paid therefor. It is, said this court in *Fisk* v. *Potter* (2 Keyes, 64, 68), "an anomaly in the law, and though it exists in certain cases, and perhaps we may say generally as between vendor and vendee, its existence depends upon and is controlled by no well-settled rules, but, on the contrary, the existence of the lien is generally made to depend upon the peculiar state of facts and circumstances surrounding the particular case, that is whether or not a case of natural equity is established." There are cases, of course, in which it is impossible to measure the sum upon which the lien is to be predicated; or where the debt or obligation for which it is sought to be enforced is wholly contingent upon such uncertain events that practical considerations coerce the courts into refus-

ing this equitable remedy. (See Pomeroy's Equity Juris. sec. 1251, and cases cited.) But the fundamental principle underlying the lien is that it would be unconscionable for the vendee to hold the land and not pay for it. It is immaterial, then, so far as the principle itself is concerned, what the form of the obligation may be upon which it is sought to rest the lien. In equity form gives way to substance, and the court will adapt its relief to the exigencies of the case. (Warvelle on Vendors [2d ed.], sec. 690.) The basis of the lien, said Judge COOLEY in *Payne* v. *Avery* (21 Mich. 524, 552), must be something which "if not fixed in amount, is at least capable of being measured by some pecuniary standard." In the case at bar the plaintiff's debt arose out of certain transactions in the purchase and sale of stocks. Its amount was readily capable of ascertainment, for the only sense in which it was unliquidated when the instruments were signed by Jacob and Theresa was that it had not been judicially determined. The ascertainment of the amount was only an incident to the main relief (*Bradley* v. *Bosley*, 1 Barb. Ch. 125), and even that was not necessary, because the plaintiff's claim had been reduced to judgment in the action against Jacob when the plaintiff finally learned all the facts upon which he brought this action.

It is also asserted that the plaintiff should not have a lien because the transfer from Jacob to Theresa embraced both real and personal property. The implication of this statement is that there can be no vendor's lien when a part, and especially a substantial part, of the property transferred consists of personalty. That is a generalization which must be answered by the peculiar facts of this case. The plaintiff was prevented by the appellants, or those under whom they claim, from satisfying his debt out of the personal property transferred when it was still available to him. The agreement upon which he bases his claim was kept from him, and he did not know its contents. His claim was contested for five years, and

when Theresa's agreement for his benefit was finally brought to light, his name had been expunged therefrom. It is not strange that he was in doubt whether to attack the whole scheme as a fraud or to affirm its validity and seek its benefit. That was, perhaps, the very doubt which the design of the plan was intended to create. In the period which elapsed before the plaintiff had acquired such information as enabled him to move in the matter, all the personal property and most of the realty was sold to pay the debts. The answers of the appellants allege that all of Theresa's debts have been paid. The only thing left is the surplus arising out of the sale on foreclosure of the last remaining piece of real estate conveyed by Jacob to Theresa. Why should the appellants now be heard to say that the plaintiff's claim could have been satisfied out of personal property of which he had no knowledge and which was used by the appellants to pay other debts? If relief is now refused the plaintiff against this fund he will be remediless, not through any fault of his own, but by the fraudulent acts of those through whom the appellants claim. Equity, therefore, in the exercise of its comprehensive jurisdiction over frauds, should mold its relief to meet the exigencies of the case, and fix a lien upon this fund in favor of the plaintiff. (*Bradley* v. *Bosley, supra; Mills* v. *Bliss,* 55 N. Y. 139; *Lightfoot* v. *Davis,* 198 id. 261, 273.)

One of the defenses interposed by the appellants was that the plaintiff had an adequate remedy at law, and, therefore, this action in equity could not be maintained. In support of this defense there are cited certain cases in which actions at law have been maintained on the transferee's promise to pay the debt of a third person. (*First Nat. Bank* v. *Chalmers,* 144 N. Y. 432; *Clark* v. *Howard,* 150 id. 232; *Pardee* v. *Treat,* 82 id. 385.) That such an action at law can be maintained on such a promise is amply supported by the authorities cited; but it does not follow that an equitable action in the nature of an action

to establish a vendor's lien may not be maintained. On the contrary, the remedies are concurrent and not exclusive. "An action at law might be entirely ineffectual by reason of the insolvency of the defendant or his inability to render a pecuniary compensation, while, if the equitable relief can be had, the remedy is effectual by reason of the lien which is established." (*Mills* v. *Bliss*, 55 N. Y. 139, 142.) To the same effect see, also, *Bradley* v. *Bosley* (1 Barb. Ch. 125); *Dubois* v. *Hull* (43 Barb. 26).

We have already referred to the form of the original complaint, and to the complications in practice which arose from the plaintiff's apparently inconsistent claims for relief. Whatever ground that gave the defendants for asserting that the plaintiff had conclusively elected to pursue a remedy inconsistent with the one he now invokes, has been eliminated by the course of the litigation. On the first trial the plaintiff claimed the suit was two-fold in its nature; that in one aspect its object was to set aside the transfers from Jacob to Theresa as in fraud of creditors, and in another view it was a suit to enforce the contract made between Jacob and Theresa for the benefit of Jacob's creditors. When the court compelled the plaintiff to elect upon which of these two theories he would stand he chose the latter, and then his complaint was dismissed. He appealed from the judgment entered upon that decision and succeeded in obtaining an order granting him a new trial. Before going to his second trial, however, he moved for leave to amend his complaint so as to set forth more fully the theory upon which he had elected to stand. An order was made granting such leave, and the defendants appealed to the Appellate Division, where there was an affirmance. The motion for leave to amend was granted upon condition that the plaintiff pay all the costs of the action to that time. These costs have presumably been paid by the plaintiff and accepted by the defendants. There has been no further review of that order and it is, therefore, the

law of this case upon the character of the complaint and the nature of the issues involved.

The voluminous briefs of counsel, covering hundreds of pages, present many arguments which we have not overlooked. We have simply endeavored to confine our discussion to the one central issue, with only such reference to related questions as the disposition of that issue, in the present *status* of the case, seems to require. For the reasons given we think the judgment should be affirmed, with costs.

GRAY, J. (dissenting). The question which this appeal presents is whether the plaintiff is entitled to equitable relief in the nature of a vendor's lien upon certain real estate, which had been conveyed by his debtor, Jacob Cohn, to another; in part consideration of which the grantee "agreed to pay and to save harmless the said Jacob Cohn of and from certain debts and liabilities in said agreement set forth." At the time of this conveyance, June 2d, 1897, the plaintiff's claim is found to have been unliquidated and disputed; but it is, also, found that the agreement of the grantee of the property contained his name. A suit was commenced by the plaintiff against Jacob Cohn and resulted in a judgment, in 1902, in the former's favor and it is found that, subsequent to the commencement of the suit, he was informed concerning the agreement of Jacob Cohn's grantee. After obtaining judgment against Jacob Cohn and being unable to enforce its payment, by execution and proceedings thereupon, the plaintiff instituted this action in equity to have the judgment debt declared to be a lien upon the property conveyed by Jacob Cohn and held by the defendants; into whose hands it had come, either under the will of Theresa Cohn, Jacob Cohn's grantee, or through mesne transfers. The trial court, holding the plaintiff entitled to a vendor's lien upon the real estate transferred by Jacob Cohn in 1897, adjudged the debt to be a lien and

charge upon certain surplus moneys, "proceeds of the foreclosure and sale of the premises described in the complaint." This judgment has been affirmed by the Appellate Division and the question, upon this appeal, is whether the respondent was entitled to the equitable relief decreed. I think that he was not. By the promise of Jacob Cohn's grantee to pay his debt to the plaintiff, among other creditors named in her agreement, the promisor assumed and made that debt her own and an action at law, adequate and complete, would lie against her for its recovery. (*First National Bank* v. *Chalmers*, 144 N. Y. 432.) She, then, became primarily liable to the plaintiff, and Cohn stood, in relation to the agreement, as surety. The plaintiff has not shown that he had, unsuccessfully, resorted to an action at law against the grantee; nor does he aver any facts to show that he was excused from bringing such an action, by the intervention of some cause cognizable at law, or in equity. The court found that he was informed of the agreement to pay him and it must be assumed that the promisor was able to perform. Not having exhausted his plain legal remedy, I do not think that the plaintiff had a standing to ask the aid of a court of equity to apply the extraordinary remedy of a vendor's lien in his behalf. Plaintiff's claim against Jacob Cohn being unliquidated and disputed at the time of the latter's transfer of his property, no lien could well attach. Nor was it necessary that it should; for, so far as it appears, he could have recovered payment from Cohn's transferee upon her agreement to pay. Not having adopted, nor sought to enforce, her agreement, I do not see how the plaintiff can well assert the right to a vendor's lien upon the property conveyed for the amount of his unpaid debt. A contract is essential to the existence of a vendor's lien for the unpaid purchase money and the vendee's right to a lien, upon the default of the vendor, to the extent of any payment made, has only recently been recognized by this court. The contract between the

parties is the essential basis of the lien, in either case, to protect vendor, or vendee, upon performance of their respective agreements. (*Davis* v. *Rosenzweig Realty Operating Co.*, 192 N. Y. 128; *Elterman* v. *Hyman*, Ib. 113.) To extend the right, under the circumstances of this case, seems to me to be carrying the equitable doctrine too far. The doctrine of a vendor's lien is an anomaly in the law, any way. Plaintiff was not a party to any contract, upon which he might predicate a claim for a lien, and he does not appear to have been remediless at law.

Perhaps to repeat somewhat, I say, upon what theory can the plaintiff claim to be entitled to a vendor's lien; that is, to stand in Jacob Cohn's shoes ? Cohn's transfer of the property was absolute and perfectly good as to the plaintiff. The plaintiff's remedy was, then, against the transferee; whose agreement inured to his benefit; for it ran to him. Until shown to be unenforceable, how could the plaintiff claim to be without an adequate remedy at law ?

I advise the reversal of the judgment and that a new trial be ordered; the costs to abide the event.

CULLEN, Ch. J., WILLARD BARTLETT and CHASE, JJ., concur with WERNER, J.; HISCOCK and COLLIN, JJ., concur with GRAY, J.

Judgment affirmed.