[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 479 
In November, 1810, John Lawrence devised the premises to the plaintiff. In June, 1805, Lawrence entered into a contract with one Wait Ball for their sale to the latter, the purchase money to be paid in five years. The lands were unimproved. Ball never entered into actual possession under the contract, but was in the habit of getting timber from the lot up to his death in 1837. Some thirty-five years before the trial, one Baker, who claimed to enter under Ball, cleared several acres, and sowed a crop of wheat and afterwards one of rye. The clearing was then abandoned. Ball paid $15 of the purchase money, which was indorsed on the contract. In August, 1806, he paid to the agent of Lawrence the further sum of $21; and in September, 1808, the sum of $6. This was all the proof of any actual payment of the purchase money by Ball. In 1816, *Page 480 
the agent of Lawrence reminded him that he had paid little or nothing on the contract, when he promised that he would make payment. John Lawrence, who was the father of the plaintiff, resided in the city of New-York at the time of his death in 1810; and in 1826 the family ceased to have any agent in the county of Cortland. In 1838 the premises were sold under a judgment against Wait Ball and others, and by sundry conveyances the title acquired at the sheriff's sale vested in the defendant.
These facts being proved or admitted, the judge held that the presumption of payment of the money secured by the contract, arising from lapse of time, entitled the defendant to a conveyance of the premises in question, and was a full defence to the action; and that the defendant could avail himself of such defence under his answer. A verdict for the defendant was accordingly directed.
The Revised Statutes provide that a right of action upon any sealed instrument for the payment of money shall be presumed to have been extinguished by payment after the expiration of twenty years from the time such right shall accrue. (2 R.S., 301.) The rule was similar at common law. But the action must be to enforce the payment of money secured and payable by the terms of some sealed instrument; and setting up the fact of payment, the defendant may avail himself of lapse of time as evidence of the fact. It is, in effect, a statute of limitations, and may be used as a shield whenever the payment of money, due and payable by the terms of some specialty, is sought to be enforced. It cannot, however, be employed to create an equitable title in the vendee of lands which shall operate to override or extinguish the legal title of the vendor.
In Morey v. The Farmers' Loan Trust Company, decided at the last term of this court (ante, p. 302), we held that the statute was designed and could only be used as a shield, and never as an affirmative, aggressive weapon. In that case the vendee of lands, who had been sued in ejectment, *Page 481 
filed his complaint against the holder of the legal title, to compel the execution of a conveyance, on the ground that he had performed the contract on his part, and was equitably entitled to the relief demanded. There was no evidence of actual payment of the purchase money, the vendee relying upon the legal presumption of payment. Our opinion was that he could not avail himself of the statute presumption to raise an equitable title in him, without which the action was not sustainable, and dismissed the complaint. In this case the vendee relies upon the legal presumption to create and build up an equitable title as a defence. If, in the former case, he was not equitably entitled to a conveyance of the legal title upon the mere presumption of payment by lapse of time, in the present certainly he has no equitable right founded upon such presumption, by which he may defend himself against his vendor. So that had Wait Ball entered and been in possession of the premises contracted to be sold (which the evidence shows him not to have been) at the time he forfeited such contract by non-payment, and subsequently, his omission to make payment, and the neglect of the vendor to enforce it, did not equitably entitle the vendee, at the expiration of twenty years after payment became due, to a conveyance of the legal title. Having no equitable right that would be specifically enforced, there was none available as a defence in an action of ejectment. Had actual payment been shown, it is not necessary to determine whether, under the pleadings, the defendant could have availed himself of the equitable defence. It is enough that no equitable right was affirmatively established.
The contract in this case is not presumed to have been fulfilled by Wait Ball after the expiration of twenty years from the time when it became due and payable, so as to have equitably entitled him to a conveyance of the premises. He had no equitable estate therein to be disposed of at *Page 482 
sheriff's sale, if such an interest were the subject of sale on execution; and hence the defendant or his grantors took nothing.
The judgment should be reversed and a new trial ordered.
Judgment accordingly.