IN THE MATTER OF THE PETITION OF MARY E. SERRILL TO VACATE AN ASSESSMENT. •

*Assessment — presumption as to payment of, arising from lapse of time — chap. 580 of 1872 — repaving — burden of proof as to.*

Upon an application to vacate an assessment for paving, the petitioner claimed to be relieved from the necessity of proving fraud, as required by chapter 580 of 1872, on the ground that an assessment upon the property for paving the same street had already been paid. Upon the trial an assessment list confirmed in 1833 was given in evidence, by which the property was assessed twenty-six

dollars and sixty cents for paving the street. No evidence was given to show that the assessment had been paid. *Held*, that in a proceeding such as the present no presumption arose from the lapse of time that the former assessment had been paid, and that the petition was properly dismissed.

*Quære*, whether, as the evidence of payment in such cases is a matter of public record, any presumption of payment arises in the absence of such records.

APPEAL from an order of the Special Term, denying a petition to vacate an assessment for paving Murray street, in the city of New York.

*T. F. Neville*, for the appellant.

*Jno. A. Beall*, for the respondent.

DAVIS, P. J.:

The extremely loose and incompetent evidence by which the appellant's title was proved was not objected to on the part of the respondent. Such looseness of proof ought not to be tolerated, but no point can be made here on that ground, that will affect the result of the appeal.

By chapter 580 of the Laws of 1872, section 7, which is substantially re-enacted in chapter 313 of the Laws of 1874, it is enacted that no assessment shall hereafter be vacated or set aside, except only in cases in which fraud shall be shown, and in cases of assessments for repairing any street or public place, upon property for which an assessment has been once paid for paving the same street or public place.

The appellant showed no fraud in respect to the assessment sought to be vacated. Her whole case was put upon the ground that a prior assessment for repaving the same street had once been paid. Upon this question she clearly held the affirmative. It was for her to show that the previous assessment for repaving the street had not only been made, but had in point of fact been paid. She proved that an assessment had been made more than twenty years ago, and then rested her case upon what she claims to be a presumption of the payment of such assessment, arising from the lapse of time. She produced an assessment list confirmed in 1833, and proved by the clerk of arrears, now the official custodian of assessment

lists, that such list remained in his office. This assessment list was for the repaving of Murray street, between Church and Greenwich streets, and so far as it related to the lot now owned by the appellant, purported to assess thereon twenty-six dollars and sixty-two cents. That list contained no evidence of any payment of this assessment for repaving, and the clerk of arrears testified that there was no evidence of its payment in his office, and " would be none, because it was twenty years before the establishment of the bureau of arrears." He also testified that the evidence would appear, if anywhere, in the old street department books. Upon this evidence the appellant rested her case, and the court dismissed the petition.

We think the judgment of the court below was correct:

First. Because the presumption of payment from the lapse of time, if there be any, is a shield and not a weapon of offense. It could be used effectively, if any action were brought by the city to recover the assessment of 1833, and would devolve upon the city, in that case, the burden of showing affimatively that the assessment had not been paid. But if an action was brought to recover back the money on the ground that the assessment of 1833 was totally void, and that the payment was made under compulsion, the action could not be maintained upon the alleged presumption; the actual payment would necessarily have to be shown. (*Lawrence* v. *Ball*, 14 N. Y., 477 ; *Morey* v. *Farmers' Loan and Trust Co.*, id., 302.) In this proceeding the appellant seeks to be relieved from a present subsisting liability, on the ground of the previous payment by some other party of a similar liability. The effect of vacating the assessment is of course to throw upon the tax-payers the expense of an improvement made for the especial benefit of the appellant's property. To do that she ought to show a clear affirmative case. According to the testimony produced the evidence of payment, if it existed at all, is to be found in the old street department books. These were neither produced nor accounted for.

Secondly. The evidence of payment in such cases is a matter of public record, and it is doubtful where that is the case, whether a presumption of payment arises at all in the absence of such record.

Thirdly. The assessment of 1833 appears upon its face to have been made for the repaving of Murray street. It indicates clearly

that Murray street had previously been paved, and it is quite as presumable that an assessment for repaving the same street was not paid because of its invalidity under some ordinance, as that it was paid by the then owner of the land, in the absence of all evidence to that effect.

The order should be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with costs and disbursements.