IN THE MATTER OF THE PETITION OF EDWARD M. WILLETT TO VACATE AN ASSESSMENT.

Under the provision of the act of 1872, relating to local improvements in the city of New York (§ 7, chap. 580, Laws of 1872), which, in the absence of fraud, prohibits the vacating of an assessment for irregularity save for re-paving a street, where an assessment upon the property for paving the same street has once been paid, to sustain proceedings to vacate an assessment for re-paving, actual payment of a prior assessment must be proved; the applicant cannot rely upon a presumption of payment arising from lapse of time.

(Argued June 19, 1877; decided September 25, 1877.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term, denying a motion to vacate an assessment for re-paving Delancey street in the city of New York, because of failure to publish the resolution of the board of aldermen, authorizing the improvement.

It appeared that a prior assessment for paving the same street was imposed upon the premises in 1831, no proof was presented by the petitioner that said assessment had ever been paid.

A. B. Johnson, for the appellant. The failure to publish in the New York Leader the resolution and ordinance was fatal to the assessment. (In re Smith, 52 N. Y. 526; In re Folsom, 56 id., 60; In re Anderson, 60 id., 457; In re

*Burke*, 62 id., 224.) The payment of the first assessment was sufficiently proven. (*Mayor of N. Y.* v. *Colgate*, 12 N. Y., 148; *Miller* v. *Smith*, 16 Wend., 425; *Lyon* v. *Adde*, 63 Barb., 89.) This was a proceeding under a remedial statute which the court should construe liberally. (*In re 80th St.*, 17 Abb., Pr., 324.)

*J. A. Beall*, for the respondent. Payment of a prior assessment will not be presumed in these proceedings. (Laws 1858, chap. 335, § 2; Laws 1874, chap. 313; *In re Serrell*, 9 Hun, 234; *Mayor, etc.* v. *Colgate*, 12 N. Y., 156; *Fisher* v. *Mayor, etc.*, 6 Hun, 64; *Lawrence* v. *Ball*, 14 N. Y,, 477; *Morey* v. *F. L. & Tr. Co.*, id., 302.) Presumption of payment exists in this State by statute only, and cannot extend beyond the cases to which the statute applies it. (2 R. S., 301, § 48; 3 id., 590.)

EARL, J. This is a proceeding to vacate an assessment for repaving Delancey street, in the city of New York, and under section 7 of chapter 580, of the Laws of 1872, the relief in this case can be granted only in case an assessment for paving the same street has once been paid.

It appears that there was an assessment for paving this street in 1831, but there was no proof that the assessment had even, in fact, been paid. The petitioner relies entirely upon the presumption of payment from the lapse of time. This will not do. In this proceeding taken by him, seeking affirmative relief, depending upon the fact of payment, he cannot rely upon the presumption, but must show actual payment by competent proof. (*Lawrence* v. *Ball*, 14 N. Y., 477; *Morey* v. *Farmers' Loan and Trust Co.*, Id., 302; *In re Serrill*, 9 Hun, 234.)

The order must be affirmed with costs.

All concur.

Order affirmed.