SYLVESTER W. GOULD, Respondent, v. THE HOLLAND
PURCHASE INSURANCE COMPANY, Appellant.

*Policy of insurance — condition against incumbrances — what sufficient evidence
of the existence of an incumbrance.*

In this action, brought upon a policy of insurance, the defense was that the policy
was avoided, by the assured having, subsequently to its issue and in violation
of a condition of the policy, incumbered the property, without notice to, or
permission from, the company.    Upon the trial, the defendant put in evidence
a certified copy of the record of a mortgage given by the plaintiff, after the
issuing of the policy, to one Mudge for $850, such mortgage having been given
without the knowledge or consent of the company.

*Held,* that this sufficiently established a breach of the condition, and that, in the
absence of any evidence to the contrary, the presumption was that the amount
for which the mortgage was given was still due thereon.

Appeal by defendant from a judgment entered upon the report
of a referee.    The action was upon a policy of insurance issued
by defendant June 23, 1873, for three years, covering a dwell-
ing-house to the amount of $1,000, and household furniture, etc.,
to the amount of $300.    The plaintiff's application for insur-
ance stated "that the title to the premises was by deed;" "that
the said premises were incumbered at that time by a mortgage
in the sum of $4,400."    The application was a printed form, and
by its terms the applicant was requested to state "the amount of
incumbrance existing on the property at the time the application
for insurance was made."    One of the conditions of insurance
contained in, and forming a part of the policy, read as follows:

"If any property insured in this company shall be incumbered
for an *additional amount,* it shall be the *duty* of the party insured
to immediately give notice to the company, and the company
may continue the insurance upon the same terms, or they may
cancel the policy by refunding the money for the unexpired term.

"*If the insured shall omit to notify the company in such a case,
then such insurance shall be void.*"

The house and a portion of the personal property were destroyed
the *first* day of January, 1874.

It appeared on the trial that the plaintiff, August 8, 1870,

made his bond and mortgage to one Bemis, to secure $4,400, part of the purchase-money of said premises, upon which the house was located, which was duly recorded. The defendant also put in evidence another mortgage, executed by the plaintiff and wife to one Rebecca N. Mudge, dated December 5, 1873, given to secure $850 and interest named in a note.

The case on appeal contained the following statement : " There was no evidence showing or tending to show that any part of either of said mortgages had been paid, or that the plaintiff, before the fire, gave the defendant notice of any additional incumbrance upon the property, and that the defendant had notice thereof previous to the said fire."

Shortly after the fire, the adjusting agent of defendant called on plaintiff and settled for the personal property lost, " but refused to settle or pay for the dwelling-house, for the reason as stated by him to plaintiff at that time, that the plaintiff had incumbered the property since effecting the insurance thereon in an additional amount, by giving the mortgage thereon  *  *  to Mudge for $850, and that no notice thereof had been given to the company, as required by the policy." The plaintiff *then* accepted the pay for the personal property, and signed a receipt in full satisfaction of the whole loss and in cancellation of the entire policy, and then and there surrendered it to the agent, and he canceled it, delivered it to defendant, and defendant produced it on the trial.

*George Bowen*, for the appellant.

*W. H. Henderson*, for the respondent.

HARDIN, J.:

The certified copy of the Bemis mortgage was entitled to the same force and effect as the original mortgage. (1 R. S., 759, § 17; 2 id., 1146 [6th ed.], § 35; *Clark* v. *Nixon*, 5 Hill, 36.) The application referred to that mortgage, and stated that it was an incumbrance to the extent of $4,400. There was no proof given of payment of any part of it having been made prior to the fire. It is true the plaintiff " produced the bond on the trial, and put the same in evidence." But the trial was in July, 1877. The fire occurred

January 1, 1874. The case states "there was no evidence showing or tending to show that any part of either of said mortgages had been paid." Thus it appears affirmatively to us that there was no evidence to establish payment of either of the mortgages prior to the fire. We must, therefore, treat the plaintiff's possession of the $4,400 bond as having been acquired subsequent to the fire. We are brought to consider the case as it is presented with the Bemis mortgage of $4,400 in evidence and the Mudge mortgage of $850 in evidence, and no evidence of payment given by either party upon the trial in respect to the amount due upon them at the time of the fire.

The referee finds and holds that " in the absence of proof that there is anything unpaid on a mortgage appearing on the record to be unsatisfied, it cannot be presumed, for the purpose of enforcing a forfeiture, that there is anything, or if anything, what amount remains unpaid upon it."

When the Mudge mortgage of $850 was given and recorded, it became "an additional incumbrance" upon the property. It was made an "actual and real" incumbrance "upon the property insured in this company." The parties by the application and policy had treated the Bemis mortgage as an incumbrance to the extent of $4,400, and referred to it as the specific one which was embraced in the limit fixed by the parties, which should rest upon the property without notice to the company. There had been no such lapse of time as to justify a presumption of payment of the Bemis mortgage. It was given in 1870. The insurance application referred to it as an incumbrance for $4,400 in the month of May or June, 1873.

The Mudge mortgage was made in December, 1873, and the fire took place 1st of January, 1874. There were no circumstances given to raise a presumption of payment, to enable us to make it exceptional from the provision of the Revised Statutes, in respect to lapse of time giving rise to presumption of payment. (*Lawrence* v. *Ball*, 14 N. Y., 477; 2 R. S., 301, §48; *Morey* v. *Farmers' L. and T. Co.*, 14 N. Y., 303; *Henderson* v. *Henderson*, 3 Denio, 314; *Heyer* v. *Pruyn*, 7 Paige, 465.)

The proof therefore established an incumbrance beyond the permitted amount, and that avoided the policy. We think the

learned referee fell into an error in finding that there was no evidence that the property was "incumbered for an additional amount." If he had not given the plaintiff the benefit of a presumption, that did not arise, of payment, he would have so found.

For such error, we think the judgment should be reversed and a new trial ordered before another referee, with costs to abide the event.

·TALCOTT, P. J., and SMITH, J., concurred.

. Ordered accordingly.