In the Matter of the Application of MARY C. BRYAN and Another, Appellants, for the Discharge of Record of an Ancient Mortgage on the Premises No. 228 East Ninety-sixth Street.

REGISTER OF NEW YORK COUNTY, Respondent.

First Department, July 2, 1924.

**Mortgages — discharge — action under Real Property Law, § 340, to have ancient mortgage discharged of record — petitioners allege that mortgage was given in 1898 to corporation owned by father of petitioners and subsequently stock was transferred to mother who owned fee — no payments of interest or principal have been made — no franchise taxes have been paid on corporate franchise — petitioners are persons interested under statute and mortgage is within statute — not necessary that corporation be dissolved.**

This action, under section 340 of the Real Property Law to have an ancient mortgage discharged of record, may be maintained by the petitioners, since it appears that the mortgage in question was given in 1898 to a corporation owned by the father of the petitioners; that thereafter the mother of the petitioners acquired title to the property and the petitioners' father transferred his interest in the corporation to the mother; that both the mother and father are dead and on the settlement of their estates no stock of the corporation was listed as belonging to either; that no interest or principal has been paid on the mortgage; that no franchise taxes have been paid since 1899 on the corporate franchise; that no certificate of incorporation or duplicate certificate has ever been filed in New York county where the property is located; and that the property in question came to the petitioners by descent.

Under the allegations of the petition the petitioners are persons having an interest in the lands described in the mortgage and the mortgage is one which, from lapse of time, is presumed to have been paid, and it sufficiently appears that the corporation has ceased to exist and do business as such for more than five years.

It is not necessary to allege or show that the corporation has been dissolved by formal process, for all that the statute requires is that the corporation shall have ceased to do business as such five years prior to the filing of the petition.

APPEAL by the petitioners, Mary C. Bryan and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of May, 1924, denying the application of the petitioners herein for the discharge of record of an ancient mortgage on the premises No. 228 East Ninety-sixth street in the borough of Manhattan, city of New York.

*Hollander & Bernheimer* [*Edgar J. Bernheimer* of counsel; *Harry T. Zucker* with him on the brief], for the appellants.

*George P. Nicholson, Corporation Counsel* [*John F. O'Brien* of counsel; *George H. Cowie* with him on the brief], for the respondent.

McAVOY, J.:

The petition now here was brought on under section 340 of the Real Property Law, by an order to show cause, and came on to be heard before the court sitting in Special Term.

The mortgage about which the controversy hinges is dated June 8, 1898, and was recorded on that day. It is a mortgage from Arthur C. Searles and wife to William Bryan, a corporation. The corporation was incorporated on January 18, 1897, just before the time of the giving of the mortgage. Petitioners state that, to the best of their knowledge and belief, the corporation was never engaged in any business, and was formed solely for the purpose of taking title to this mortgage. After the giving of the mortgage and on December 15, 1899, title to the property was conveyed by Searles to Annie V. Bryan, the mother of petitioners and the wife of William Bryan. The course of this transaction appears in the petition and its annexed exhibit, the letter of the attorneys who had to do with the matter. The petitioners' mother, Annie V. Bryan, owned the fee to the property thereafter continuously until her death in 1906, when the fee to the property came by descent to petitioners, who have ever since possessed the title.

The petitioners set forth that, to the best of their knowledge and belief, the entire capital stock of William Bryan, a corporation, was originally in William Bryan, and was thereafter transferred to petitioners' mother, Annie V. Bryan, to whom the property

was also conveyed; that the stock was never disposed of; and that any right therein must, therefore, have descended to petitioners, who were the sole heirs and next of kin of Annie V. Bryan, upon her death, excepting such part as may have come into the hands of William Bryan. Petitioners further assert that they have never made any payment whatsoever either of interest or principal upon the mortgage, and no demand for any payment has ever been brought to their attention in behalf of any claimant of ownership.

William Bryan, the father, died on July 11, 1912, and the petition shows that, upon the accountings on the estates of both Annie V. Bryan and William Bryan, no stock of this corporation was listed as belonging to either of the estates of the parents of petitioners. No interest was paid nor was any payment upon principal made upon the mortgage out of either of the estates. Since the year 1899 no franchise taxes have been paid upon the corporate franchise and no report filed. No certificate of incorporation or duplicate certificate has ever been filed in New York county.

We think the facts shown upon this application bring the proceeding within the provisions of section 340 of the Real Property Law, and fulfill the requirements of that section. Section 340 reads:

" § 340. When mortgagor may petition for discharge of mortgage of record. The mortgagor, his heirs or any person having any interest in any lands described in any mortgage of real estate in this State, which is recorded in this State, or mentioned in a deed recorded in this State, and which, from the lapse of time, is presumed to be paid, or in any moneys into which said lands have been converted under a decree of a court of competent jurisdiction, and which are held in place of such lands to answer such mortgage, may present his petition to the courts mentioned in this article, asking that such mortgage may be discharged of record. Such petition shall be verified; it shall describe the mortgage, and when and where recorded, or if such mortgage is not recorded that the same may be adjudged to have been paid and to be no longer a lien upon the lands therein described, and shall allege that such mortgage is paid; * * * if such mortgagee be a corporation or association, that such corporation or association has ceased to exist and do business as such for more than five years; * * * if a corporation or association, its last place of business; * * * if such mortgagee be a corporation or association, then the names of one or more of the receivers, if any were appointed, or of the person who has the care of the closing up of the busi-

ness of such corporation or association, and that such mortgage has not been assigned or transferred, and if such mortgage has been assigned, state to whom and the facts in regard to the same. * * *."

Our conclusion is that, under the statute just pertinently quoted, the proceeding may be brought by petitioners, who are " persons having an interest in the lands described in the mortgage; " that the mortgage is one " which, from the lapse of time, is presumed to be paid; " and since in this case the mortgagee is a corporation, " that such corporation has ceased to exist and do business as such for more than five years." While the fact is that the corporation has not been dissolved by formal process, yet such formal dissolution of the corporation is not apparently a prerequisite to the granting of the relief sought. There is no means apparent by which . petitioners here can dissolve this corporation. The statute provides for a period of five years after the death of an individual mortgagee, and if the mortgagee be a corporation, that it " has ceased to exist and do business as such for more than five years." The statute does not make the requirement a dissolution of the corporation, and if intended, it would have been prescribed. The petition's recital of the present state of this corporation shows that it has " ceased to exist and do business as such for more than five years." More is not requisite.

The order of the Special Term should be reversed, with ten dollars costs and disbursements, and an order entered granting the petition herein and directing the discharge of the mortgage, as prayed for.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.