PATRICK J. DALY, Plaintiff, *v.* WILEY BENSON et al., Defendants.

Supreme Court, Special Term, Queens County, September 15, 1947.

*Bogart & Lonergan* for plaintiff.

*John H. W. Krogman* for defendants.

COLDEN, J. In an action brought to bar defendants from any claim or interest in certain real property, and directing the Register of the County of Queens " to cancel and mark satisfied of record " a certain mortgage, plaintiff moves for " judgment on the pleadings in favor of the plaintiff and against the defendants under Rule 112 of the Rules of Civil Practice, for the relief demanded in the complaint herein on the ground that no interest has been paid on the mortgage, the subject matter of this action, since 1932, that the said mortgage is barred by the Statute of Limitations under Section 47 and Section 47a of the Civil Practice Act," and for other relief.

From the pleadings it appears that plaintiff is the owner in fee simple of the land in question. He acquired it from the defendants by a deed executed in 1929 by the special guardian appointed by the court to represent them in a proceeding to sell infant's property. As part of the consideration paid by the plaintiff, he executed a mortgage which was assigned by the special guardian to the Chamberlain (now Treasurer) of the City of New York, who later assigned to each defendant a one-half interest therein in 1932 and in 1934. It is this mortgage which plaintiff seeks to have cancelled on the ground that neither he nor anyone on his behalf has paid any interest on it since 1932.

The present whereabouts of the defendants are unknown. They were served by publication but did not appear. Since it was possible that they might be in the military service, an attorney was appointed by the court to protect their interest.

Section 47-a of the Civil Practice Act provides that an action upon a mortgage of real property must be commenced within six years after the cause of action has accrued. This section has been properly designated by the plaintiff in his notice of motion as a " Statute of Limitations." A Statute of Limitations cannot be made the basis of affirmative relief. It is a shield, not a sword. It acts only upon the remedy; it does not bar the debt. (*Johnson* v. *Albany & Susquehanna R. R. Co.,* 54 N. Y. 416.) As was said in that case at page 427: " * * * but it is, I think, nowhere held that a debt is paid because the remedy of the party to enforce it is suspended or gone. At all events, it is not too much to say that a party who claims to

have paid a debt by a successful plea of the statute of limitations, and seeks an affirmative remedy on the ground of such a fortunate venture, is not to be regarded as the especial favorite of a court of equity." And again on the same page the court said that the Statute of Limitations " * * * can be used as a shield, but not as an aggressive weapon, and is entirely like the statute giving the presumption of payment in respect to a sealed obligation after twenty years. It is available as a bar to an action, but ineffectual where a party seeks affirmative relief, based upon the fact of payment. *Where such relief is sought, payment in fact must be shown.*" (Italics supplied.)

In this case it is not alleged that the mortgage was ever paid. On the contrary, implicit in the allegation that interest thereon has not been paid since 1932, is the inference that the mortgage has not in fact been paid. It follows that the plaintiff cannot prevail in this action. (*Morey* v. *Farmers' Loan & Trust Co.,* 14 N. Y. 302; *Lawrence* v. *Ball,* 14 N. Y. 477; *Hulbert* v. *Clark et al.,* 128 N. Y. 295; *Matter of Addesso,* 69 N. Y. S. 2d 702.)

On a motion for judgment on the pleadings the court may give judgment to the party entitled thereto without regard to which party makes the motion. (Rules Civ. Prac., rule 112.) Therefore, judgment on the pleadings will be granted in favor of the defendants dismissing the complaint herein. Submit order and judgment accordingly.