PATRICK J. DALY, Plaintiff, v. WILEY BENSON et al., Defendants.

Supreme Court, Special Term, Queens County, April 30, 1948.

*Bogart & Lonergan* for plaintiff.

*John Krogman* for defendants.

COLDEN, J. Application by plaintiff for leave to reargue a motion for judgment on the pleadings granted.

Plaintiff brought this action to cancel and discharge of record a purchase-money mortgage executed by him in 1929, claim-

ing that no interest has been paid thereon since 1932 and that it is therefore barred by the Statute of Limitations. (Civ. Prac. Act, § 47-a.) Plaintiff acquired this property from the defendants at a proceeding to sell infants' property. The present whereabouts of the defendants are unknown. They were served by publication, but did not appear herein. Since it was possible that they might be in the military service, the court appointed an attorney to protect their interests. He interposed an answer in which he alleged that he had been unable to locate the defendants or to ascertain whether any payments of principal or interest had been made since 1932, and he therefore submitted their rights to the court.

Inasmuch as judgment on the pleadings may be granted to the party entitled thereto without regard to which party makes the motion (Rules Civ. Prac., rule 112), the court granted judgment dismissing the complaint (*Daly* v. *Benson*, 190 Misc. 616) on the ground that the Statute of Limitations is a shield and not a sword; that it acts only upon the remedy and does not discharge the debt. This determination was based on the authority of *Johnson* v. *Albany & Susquehanna R. R. Co.* (54 N. Y. 416), *Morey* v. *Farmers' Loan & Trust Co.* (14 N. Y. 302), *Lawrence* v. *Ball* (14 N. Y. 477), *Hulbert* v. *Clark* (128 N. Y. 295) and *Matter of Addesso* (69 N. Y. S. 2d 702). Additional authorities to the same effect may be found in the annotation in 164 American Law Reports 1387.

Although the original decision herein was made on September 15, 1947, and published in the New York Law Journal of September 17, 1947 (p. 491, col. 1), no order or judgment thereon has been submitted to the court for signature. (Cf. Queens County Supreme Court Rules, rule XI, subd. [g]; Bender's Court Rules [1st ed.], p. 313.)

Plaintiff's present application for reargument is not based on any alleged misapprehension of the facts or law as they existed at the time of the original decision. It is based solely on the subsequent enactment of a new statute. Chapter 105 of the Laws of 1948, enacted March 4, 1948, on the recommendation of the Law Revision Commission, adds a new subdivision to section 500 of the Real Property Law. A footnote thereto states that " Its purpose is to provide a procedure whereby claims based on an outlawed mortgage or vendor's lien on real property can be extinguished and the recorded evidence of such claims can be cancelled. It makes no change in the law with respect to the debt."

Even with the aid of this new statute plaintiff cannot prevail on this motion. By moving for judgment on the pleadings plaintiff concedes the truth of all the material allegations in his adversary's pleading. (*Bogart* v. *County of Westchester,* 270 App. Div. 274, appeal dismissed 296 N. Y. 701.) The attorney appointed to represent the defendants, understandably having no personal knowledge of the facts, has submitted their rights to the court. Under such circumstances the court can do no less than require affirmative proof of the allegations of the complaint. Moreover plaintiff has failed to allege that this action is brought pursuant to article 15 of the Real Property Law, a necessary allegation (Real Property Law, § 502) if plaintiff is to avail himself of the new subdivision 4 of section 500 of the Real Property Law.

Accordingly, the complaint is again dismissed, but with leave to the plaintiff to serve an amended complaint within ten days after the entry of the order hereon. Settle order on notice.