## In the Matter of CLARA MICHEL, Petitioner.

Supreme Court, Special Term, Bronx County, August 31, 1954.

*David Harrison* for petitioner.

*Bernstein, Weiss, Tomson, Hammer & Parter* for Helen Joseph.

MARKOWITZ, J. Motion to discharge of record a mortgage on real property is denied. The petitioner has not fulfilled the requirement of section 340 of the Real Property Law that the "petition * * * shall allege that such mortgage is paid". On the contrary, petitioner alleges that she has not paid the principal or interest on the mortgage in more than twenty years, since 1932. The twenty-year lapse of time gives rise to a presumption that the mortgage is paid but that is not enough to satisfy the demand of the statute. "It is required, among other things, that the petition 'shall allege that such mortgage is paid'; not alone that twenty years having elapsed it is presumed to be paid". (*Matter of Townsend*, 4 Hun 31, 32, appeal dismissed 63 N. Y. 631.) Section 340 was designed to afford summary relief from the incumbrance of an ancient mortgage where on account of the death of mortgagees or their assignees, satisfaction of the mortgage could not be obtained without recourse to a plenary action (*Matter of Townsend, supra*).

In the second sentence of section 340, it is provided that where a mortgage has been recorded and the assignee or assignees

have been dead for more than five years, the petition must so state. There is no similar provision such as would apply to a situation such as in the case on hand, where the assignee is living and her present residence known to the petitioner.

The Statute of Limitations is not available as the basis of affirmative relief under section 340. Without a specific enactment of the Legislature, the petitioner is not allowed to discharge his debt on the theory that the assignee has not brought action to foreclose within the six-year limitation of the statute (Civ. Prac. Act, § 47-a). The Statute of Limitations bars the remedy but not the debt; it is a shield but not a sword (*Matter of Addesso*, 69 N. Y. S. 2d 702; *Daly* v. *Benson*, 190 Misc. 616). Such affirmative relief may not be obtained by petition and order, though the Legislature has now provided for a plenary action to discharge the mortgage (Real Property Law, § 500).