Frank A. Gulotta, J.
This is a motion to dismiss the complaint as insufficient in law under rule 106 of the Buies of Civil Practice and for judgment on the pleadings under rule 112 of the Buies of Civil Practice.
Since the defect relied on appears in the complaint itself and the new matter alleged in the answer is deemed denied, the latter motion would appear to add nothing to the former.
The complaint herein seeks a declaratory judgment to the effect that certain debenture bonds held by the defendants, which were issued by plaintiff’s predecessor in title, but whose assets and liabilities the plaintiff has succeeded to, are null and void and that they do not constitute a lien on the real property of the plaintiff. These bonds were issued in 1928 and 1932 and were partially repudiated at the time of a reorganization in 1935, when “B ” certificates in the new corporation were offered in exchange for them. The defendants did not make the exchange and the right to maintain this action is based upon the running of the Statute of Limitations against them.
The bonds in question contain the following provision: ‘ ‘ Subject to the provisions hereinafter contained, the property of the Club of every kind and nature owned by it shall secure the payment of the principal and interest of this bond.”
The defendant’s position on this motion is that this complaint can be sustained only as an action under article 15 of the Beal Property Law; that it fails to plead the formal requirements of section 502 of that article and that even if it did, it would still be bad, since considered as a mortgage it is not an interest in real estate cognizable under subdivision 1 of section 500 and that subdivision 4, which specifically deals with mortgages, covers only recorded mortgages.
Plaintiff’s answer is that it has complied with article 15 of the Real Property Law, and even if it has not, the action may still be entertained as a simple action for a declaratory judgment under section 473 of the Civil Practice Act.
The court does not entirely agree with either of these positions.
Prior to the addition of subdivision 4 to section 500 of the Beal Property Law in 1948 (L. 1948, ch. 105) it was firmly established law that a party could not maintain an action for affirmative relief predicated upon a Statute of Limitations, that this could be used as a shield but not a sword, and therefor he *354 had to wait until the creditor elected to sue him and plead it as a defense. (House v. Carr, 185 N. Y. 453; Daly v. Benson, 190 Misc. 616; 16 Carmody-Wait, New York Practice, p. 584.)
This question most frequently came up in connection with outlawed mortgages, where their status as an apparent lien on real property posed an urgent need to have a procedure to declare them officially dead.
This was accomplished by the addition of subdivision 4 to section 500 of the Beal Property Law. If plaintiff’s argument is right, this was unnecessary, since all that a mortgagor needed to have done all these years, was give his action a different label.
Actions under article 15 of the Beal Property Law are by their nature actions for a declaratory judgment, but the point is that prior to the above amendment, a party had no right to maintain, such an action whatever he called it.
From this it follows that unless the plaintiff’s case fits into-the amendment, it still has no such remedy.
The above-quoted clause from the indenture, may very well be construed to have created an equitable mortgage on the plaintiff’s property as between the parties.
If that be so, there would appear to be no sound reason for depriving plaintiff of the remedy now afforded by section 500. It is not by its terms specifically limited to recorded mortgages, although it naturally provides for discharging the record of such a mortgage.
Furthermore, it likewise applies to vendors’ liens which are coupled with mortgages, and to vendee’s liens which are made an “ interest in real property” presumably under subdivision 1, by the last paragraph of the amendment. Both of these are essentially equitable liens and although section 294 of the Beal Property Law permits recording an executory contract for the sale of real property without specifying the effect of such recording, Schultz & Son v. Nelson (256 N. Y. 473) has held this to be notice only to one who actually sees it. Therefore,, we are justified in concluding that section 500 is not confined to legal liens.
This brings us to the retroactive effect of this statute, which must be considered in connection with the decision as to whether plaintiff should be permitted to plead over. I do not regard Continental Bank & Trust Co. v. Tanager Constr. Corp. (193 Misc. 245, affd. 276 App. Div. 988, affd. without opinion 302 N. Y. 663) as settling the question one way or the other. The opinion of Judge Hoestadteb at Special Term makes it clear that he did not reach the problem of the retroactivity of the *355 statute, since he felt that an enactment passed in 1948 could in no event apply to a mortgage which had been satisfied in 1946.
I agree with the expression of views by Judge Van Voorhis in his dissent in the Appellate Division where he says (276 App. Div. 988, 989-990): “ Being a procedural statute, it is deemed to be retroactive in its operation (People ex rel. Equitable Holding Corp. v. Graves, 263 App. Div. 468; Compton & Co. v. Williams, 248 App. Div. 545), or, more accurately stated, it applies to pending and future actions or proceedings for the determination of rights and liabilities previously created or terminated (Lazarus v. Metropolitan Elevated Ry. Co., 145 N. Y. 581) ”, although not with his conclusion that the statute applied to an agreement made and acted upon two years before it was passed.
For these reasons the motion will be granted, with leave to plead over in an action under article 15 of the Beal Property Law.
Short-form order signed.