George Eilperin, J.
This is a proceeding to cancel a mortgage dated January 15, 1924, which, by its terms, became due on January 14, 1928. The mortgagee died on November 7, 1929. Letters of administration upon his estate were issued on December 3, 1929 and the administrator died on September 10, 1941. The mortgagor left him surviving four children, three of whom died before the commencement of this proceeding, although that fact does not appear in the moving papers, and for that reason an order to show cause in addition to service by publication, provided for the mailing’ thereof to the last-known addresses of the three next of kin of the mortgagor. This additional service by mail is not mandatory under section 340 of the Beal Property Law and may therefore be regarded as surplusage. Jurisdiction of the subject matter and of the parties was acquired in this proceeding by publication of the order to show cause in the manner therein directed.
This proceeding is brought pursuant to the provisions of sections 340 to 344 of the Beal Property Law. The petitioner is the owner of the fee of the property encumbranced by the mortgage sought to be discharged and as such is a person ‘1 having an interest in the lands described in the mortgage ’ ’ and authorized to bring this proceeding (Matter of Bryan, 210 App. Div. 93). The petition alleges that the mortgagee has been dead for over five years and that the mortgage is paid and prays for its discharge. The statute itself prescribes that ‘ ‘ Lapse of time shall be sufficient evidence of payment. ’ ’ This presumption of payment is rebuttable by evidence tending to show that the debt'had" not been paid. This may be done by an answer denying the allegation of payment contained in the petition, supported by evidence tending to rebut the presumption of payment arising from lapse of- time (see Real Property Law, § 343). Under this statute the presumption of payment after a lapse of 20 years from the due da,te of the mortgage, in the absence of evidence tending to rebut the presumption, is suffi *846 cient evidence of payment (Martin v. Stoddard, 127 N. Y. 61; Matter of Addesso, 69 N. Y. S. 2d 702).
The cases cited by respondent do not support her contention. They hold that a petition for discharge of an ancient mortgage under section 340 of the Eeal Property Law must, in addition to pleading the presumption of payment arising from lapse of time, also allege “ that such mortgage is paid ” and that the mortgagee or his assignee has been dead for more than five years. Failure to make these allegations renders the petition defective and subject to dismissal (Matter of Townsend 4 Hun 31; Matter of Michel, 206 Misc. 356).
In the instant proceeding the petition contains all the essential requirements imposed by statute creating the summary remedy of cancellation of an ancient mortgage. The affidavit submitted in opposition to petitioner’s application does not contain any denial of the allegation of payment contained in the .petition or any evidence tending to rebut the presumption of payment. Accordingly the petition is granted. Submit order.