OPINION OF THE COURT
Joan B. Lefkowitz, J.
In July 1991 the plaintiff and defendant the Kings College (hereafter the College) negotiated an agreement whereby the College was to purchase and plaintiff to sell real property located in the Town of Warwick, Orange County, for approximately $12,000,000. The property was encumbered by two mortgages: a first lien in favor of Bankers Trust Company (Bankers Trust) in the sum of $11,000,000 and a second lien in favor of Barclay’s Bank in the sum of $3,000,000. The second mortgage was assigned to Bankers Trust. On October 19, 1991, plaintiff, the College and Bankers Trust executed a Mortgage Consolidation, Assumption, Extension, Spreader and Modification Agreement (the Modification Agreement). That agreement consolidated and reduced the principal balance on both mortgages to the sum of $11,454,788.76, which the College agreed to pay to Bankers Trust and also agreed to pay $1,003,153.21 in real estate taxes due on the Orange County property. As additional security Bankers Trust was given a lien against real property the College owned in Westchester County. The College has a contract to sell a portion of the Westchester property for $1,500,000 and a contract with Tara Circle, Inc., to sell the balance for $14,000,000. However, the College is in default and has failed to make the payments called for in the Modification Agreement.
On December 19, 1993 plaintiff conveyed the Orange County property to the College by bargain and sale deed. In a second amended complaint plaintiff asserts four causes of action: (1) to foreclose a vendor’s lien on the Orange County property; (2) to foreclose an equitable lien on the Westchester County property; (3) damages for breach of the Modification Agreement; and (4) damages for breach of a subsequent agreement, the Settlement Agreement. The latter agreement was made by plaintiff, the College and Bankers Trust in May 1993 after the College failed to make the payments required under the Modification Agreement. The Settlement Agreement made a revised schedule of payment by the College and required plaintiff to pay the bank $2,550,000, which was done. An *735 additional agreement between plaintiff and the bank called for plaintiff to make an additional payment of $250,000 in consideration of six months’ forbearance in payment of the revised debt. Prior thereto the bank obtained separate judgments against plaintiff’s partners and plaintiff’s predecessor in interest in the amount of $14,007,593.05.
Plaintiff has filed lis pendens on the Orange and Westchester County properties. The College moves to dismiss each cause of action in the complaint and to cancel the notices of pendency. Defendant Servicemaster Company Limited Partnership, which holds a mortgage on the Westchester property, joins in the motion to dismiss the complaint insofar as the second cause of action is concerned. Similarly, defendant Tara Circle, Inc., the contract vendee of the Westchester property, joins in the motion to dismiss the second cause of action.
Defendant Bankers Trust Company cross-moves to dismiss the complaint on grounds unique as to it including the pendency of a prior action in the Supreme Court, New York County, where the lien of plaintiff will be fixed, possible prejudice to it if it is forced to foreclose the consolidated mortgage in this action by reason of RPAPL 1301 and 1354, the potential for an in rem proceeding in Orange County for failure to pay real property taxes and the pendency of another action in this Court by other parties to foreclose senior liens on the Westchester property. Cross movant argues that it would be futile and waste judicial time to ascertain the debt owed to it in this action and, in any event, actual foreclosure subject to superior liens or possible in rem proceedings will not produce significant bids. As will be seen, it is not necessary to address these specific concerns as resolution of the controversy really turns on the recognition or not of a vendor’s lien herein.
However, Bankers Trust makes two cogent arguments in support of the College’s motion in that respect. First, all that the College agreed to do regarding the Orange County property was to assume the mortgage debt owed to Bankers Trust and Barclay’s Bank (as well as pay real estate taxes). It has performed that promise, urges Bankers Trust, by its agreement to do these things, in default of which recourse may be had by plaintiff from the College for indemnification, but there is nothing left unpaid for a vendor’s lien to attach to. Second, Bankers Trust vigorously contends that the extension of its lien to the Westchester property was to benefit only it (and induce it to enter into the agreements initially), and if *736 the court finds that plaintiff does have an equitable lien on the Westchester property, then plaintiff has waived its implied vendor’s lien by extracting additional security for the debt owed it.
While these motions were pending the lis pendens was lifted as to a portion of the Westchester property so that the president’s house could be sold. The proceeds were used towards payment of senior mortgage debt on the Westchester property.
New York recognizes the concept of a vendor’s lien on real property. (91 NY Jur 2d, Real Property Sales and Exchanges, § 157; 1 Rasch, New York Law and Practice of Real Property § 23:28 [2d ed]; 6 Warren’s Weed, New York Real Property, Vendee and Vendor, § 6.05; see, 92 CJS, Vendor and Purchaser, §§ 377-378, 380 [a]; 77 Am Jur 2d, Vendor and Purchaser, § 431.) It is the counterpart of the vendee’s lien and is governed by like principles. (Flickinger v Glass, 222 NY 404, 409 [1918].) It is often treated like an equitable mortgage. (Chase v Peck, 21 NY 581 [I860]; 3 Powell, Real Property [f 450 [2]; Osborne, Mortgages § 48 [2d ed 1970].)
A vendor’s lien is a valid predicate for filing a lis pendens under CPLR 6501. (Sobieski v North Div. Holding Corp., 39 Misc 2d 403 [Sup Ct, Albany County 1963]; see, RPAPL 1501 [4]; Garden City Country Club v Aldworth, 19 Misc 2d 352 [Sup Ct, Nassau County 1959]; 16 Carmody-Wait 2d, Compelling Determination of Claims § 101:14.)
Apart from express reservation of a vendor’s lien (McKillip v McKillip, 8 Barb 552 [Sup Ct 1850]; Annotation, Deed in Consideration of Support, 64 ALR 1250 [1930]), or where the vendor actually retains title and lets the vendee in possession (Bean v Walker, 95 AD2d 70 [4th Dept 1983]; see, Charles v Scheibel, 128 Misc 275 [Sup Ct, Onondaga County 1926], affd on opn below 221 App Div 816 [4th Dept 1927]; General Obligations Law § 5-1311 [purchaser not in possession]), the law implies a vendor’s (or grantor’s) lien where no security was given for the purchase price. (Franklin Sav. Bank v Ascension Mem. Church, 55 NYS2d 808, 814 [Sup Ct, NY County 1945] Unif Land Transactions Act § 2-508 [a], 13 ULA 556; Annotation, Different Classes of Vendor’s Liens, 91 ALR 148 [1934].) This "equitable vendor’s lien” (Zeiser v Cohn, 207 NY 407, 413 [1913]), or "so-called grantor’s lien” (Birnbaum v Rollerrama, Inc., 232 NYS2d 188, 191 [Sup Ct, Onondaga County 1962]), is a fiction incorporated from civil law in *737 England. (27 RCL, Vendor and Purchaser, § 310.) "The real basis for the existence of the lien, therefore, seems to be the broad equitable principle that a person having gotten the estate of another outright ought not, in good conscience as between themselves, to be allowed to keep it and not pay the consideration money.” (Id., § 313, at 572.) While distinctions may exist between a vendor’s lien and a grantor’s implied lien (4 Pomeroy, Equity Jurisprudence § 1249 [5th ed]) for purposes of this motion the vendor’s lien will be deemed to include the implied grantor’s lien. (1 Rasch, op. tit., § 23:46.)
The Court of Appeals has defined the lien in question: "That where a vendor delivers possession of an estate in land to a vendee without receiving the purchase price, equity gives the vendor a lien upon the land therefor, although there was no special agreement for that purpose.” (Hubbell v Henrickson, 175 NY 175, 178 [1903].) "[T]he fundamental principle underlying the lien is that it would be unconscionable for the vendee to hold the land and not pay for it.” (Zeiser v Cohen, 207 NY 407, 420, supra.) The implied lien is valid against all persons with notice, actual or constructive. (Seymour v McKinstry, 106 NY 230 [1887], reh denied 106 NY 241.)
However, if the vendor takes back security upon the real property sold or upon other property or "any security independent of the personal liability of the vendee to respond for the consideration-money”, the implied lien is waived. (Payne v Wilson, 74 NY 348, 353 [1878].) That is, no lien is recognized "when it is obvious that the parties contemplated a different security for the purchase money.” (1 Rasch, op. tit., § 23:33, at 760; 77 Am Jur 2d, Vendor and Purchaser, §§ 438, 440.) Nonetheless, the lien is not affected where the vendor takes back evidence of the indebtedness, such as a note, even where cosigned by another. (Herrman v Jeffe, 223 NY 523 [1918], rearg denied 223 NY 636.) The issue whether the vendor has waived the lien is a question for the court in the first instance. (Boies v Benham, 127 NY 620, 625 [1891]; Rapp v Valente, 133 NYS2d 163 [Sup Ct, Onondaga County 1953].)
Waiver has been found where the vendor accepted security from a third party (Vail v Foster, 4 NY 312 [1850]); by conduct of the parties in making new and different agreements (M-L Servicing v Briggs, 5 AD2d 1042 [3d Dept 1958], lv denied 5 NY2d 705 [1958]); where the property is sold with a mortgage lien that is assumed by the vendee (Lea v Fabbri, 13 Jones & Sp 361 [1879]; 4 Pomeroy, Equity Jurisprudence § 1251 [5th ed]); and where the vendor accepts part of the purchase price *738 by way of a mortgage. (Cohen v Kaskel, 280 App Div 992 [2d Dept 1952], affd 305 NY 774 [1953], reh denied 305 NY 919.)
The College argues that the authority of Lea v Fabbri (13 Jones & Sp 361, supra) remains valid and requires dismissal of the first cause of action. Plaintiff relies upon Zeiser v Cohn (207 NY 407, supra) as implicitly overruling Lea and maintaining its alleged vendor’s lien.
In Zeiser (supra), the vendor, who was the vendee’s son, transferred all his property to his mother, who agreed to pay all of his debts. The plaintiff was a creditor and he sued to enforce the vendor’s lien as to the surplus on a mortgage foreclosure. The Court of Appeals in a four to three decision held that a third person, such as the vendor’s creditor, could enforce the lien. The decision does not affect the determination reached in Lea v Fabbri (13 Jones & Sp 361, supra). The record on appeal in the Court of Appeals (vol 187 as maintained by the Supreme Court Library in White Plains) reveals that the primary issue argued on appeal pertaining to the vendor’s lien was absence of privity of the plaintiff (appellant’s brief, part VII). The Lea case was not cited by the parties or the court.
In Lea (supra), the vendee assumed a mortgage debt of $10,000 on a $35,000 purchase price. The court held that the vendor had no implied lien under those circumstances. A similar holding was made in Cohen v Kaskel (280 App Div 992, supra) decided 39 years after Zeiser v Cohn (207 NY 407, supra). At bar, a stronger case for application of the principle that an assumption of an existing mortgage negates a vendor’s lien applies, for here it appears that no equity of redemption existed and, therefore, there was nothing for the lien to attach to.
Additionally, a vendee who assumes the mortgage becomes liable to the mortgagee for any deficiency. (Schley v Fryer, 100 NY 71 [1885]; Calvo v Davies, 73 NY 211 [1878]; Albany Exch. Sav. Bank v Winne, 168 Misc 853 [Sup Ct, Albany County 1938]; 1 Bergman, New York Mortgage Foreclosures § 12.04 [2]; 78 NY Jur 2d, Mortgages, §§ 288, 301; see, General Obligations Law § 5-705.) As between the vendor and vendee, the assuming grantee (vendee) agrees to indemnify the vendor for any deficiency since the mortgaged premises remains primarily liable for the debt. (Slauson v Watkins, 86 NY 597 [1881]; 78 NY Jur 2d, Mortgages, § 291; Annotation, Mortgage-Assumption-Liability to Mortgagor, 21 ALR 504, 518-520 [1922], supplemented at 76 ALR 1191 [1932] and 97 ALR 1076 [1935].) *739 This relationship is inconsistent with implication of a vendor’s lien.*
Furthermore, even if such lien once existed it was waived if, as plaintiff contends, it has an equitable lien on the Westchester property as additional security. (Maroney v Boyle, 141 NY 462, 467 [1894]; 92 CJS, Vendor and Purchaser, § 411 [b] [4] [a], [b].) This is true even if such additional lien did not exist as the intention to create one is what controls. (M-L Servicing v Briggs, 5 AD2d 1042, supra.)
Consequently, the court holds that the first cause of action must be dismissed as no vendor’s lien was created and, alternatively, if one did exist it was waived. Therefore, the notice of pendency as to the Orange County property is canceled.
The second cause of action to enforce an equitable lien on the Westchester property is also dismissed. There has been no showing that the Westchester property was intended to be given as security to plaintiff. (James v Alderton Dock Yards, 256 NY 298, 303 [1931], rearg denied 256 NY 681; Datloff v Turetsky, 111 AD2d 364 [2d Dept 1985].) The sole purpose of the spread of the mortgage lien to the Westchester property was to give the bank additional security, not plaintiff. The mere expectation of payment from this source is not sufficient to establish an equitable lien in favor of plaintiff. (Scivoletti v Marsala, 61 NY2d 806, 809 [1984]; Security Pac. Mtge. & Real Estate Servs. v Republic of Philippines, 962 F2d 204, 209 [2d Cir 1992].) Therefore, the notice of pendency on the Westchester property is canceled.
The third cause of action is apparently for damages for breach of contract of the Modification Agreement. However, that claim is premature as the College’s liability thereunder as assuming grantee is one of indemnification once a deficiency has been established. (Slauson v Watkins, 86 NY 597, supra.) Consequently, the third cause of action is dismissed without prejudice.
*740 The fourth cause of action sounds in promissory estoppel. To the extent it is for breach of contract relating to the antecedent debt assumed by the College, the claim is premature. To the extent it is for damages for sums allegedly paid in reliance on the College’s promises but involving preexisting debts of the plaintiff, the court does not comprehend the claim as the plaintiff has not shown any defenses it had with respect to the amounts owed to the bank. The claim is dismissed. Leave to replead has not been requested and no evidence has been submitted to justify granting such leave. (CPLR 3211 [e].)
It should be noted that on a motion to dismiss the complaint, the allegations are construed most favorably towards the plaintiff. (Morone v Morone, 50 NY2d 481 [1980].) The inquiry, however, is whether the pleader has a cause of action, not whether one is stated. (Guggenheimer v Ginzburg, 43 NY2d 268 [1977].) At bar, the subject complaint is not verified and may not substitute as an affidavit (CPLR 105 [t]). No affidavit of merits was offered by any party. Nonetheless, the court treated the allegations as true and found them insufficient to sustain any claim.
Accordingly, the motions to dismiss the second amended complaint and to cancel the notices of pendency are granted.

 At common law a vendor of real property had an equitable lien for the unpaid purchase price unless the vendee gave a purchase-money mortgage and then the legal lien of the mortgage was substituted for the vendor’s lien. (Boies v Benham, 127 NY 620, 624 [1891]; Giragosian v Clement, 199 AD2d 656 [3d Dept 1993]; 78 NY Jur 2d, Mortgages, § 217.) Reasoning by analogy, the substitution of a third party’s mortgage, assumed by the vendee, releases the inchoate vendor’s lien at least as to the amount of the debt assumed. At bar, no question is raised concerning the fair market value of the Orange County property compared to the amount of the assumed mortgage.