■ LYNNE GUCCIONE, Appellant, v ESTATE OF JOSEPH T. GUCCIONE, Deceased, et al., Defendants, and MARINA GENGO, Respondent. [923 NYS2d 591]—

In an action, inter alia, for a judgment declaring a certain mortgage of record to be invalid and directing the County Clerk of the County of Nassau to cancel and discharge the mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 10, 2010, which denied her motion for summary judgment on so much of the complaint as sought a judgment declaring the mortgage to be invalid and directing the County Clerk of the County of Nassau to cancel the mortgage.

Ordered that the order is affirmed, with costs.

In 1989, the plaintiff purchased certain residential real property with her husband at that time, the defendant Joseph M. Guccione (hereinafter the husband). On July 17, 1989, the plaintiff and the husband executed a mortgage in the sum of $150,000 in favor of the husband's parents, Joseph T. Guccione (hereinafter Mr. Guccione) and Petrina Guccione (hereinafter together Mr. and Mrs. Guccione). The mortgage stated that it secured a note in the sum of $150,000, with an interest rate of 9% per year, and provided for monthly installments commencing on September 1, 1989, and continuing until August 1, 2004. Mr. and Mrs. Guccione had the option to accelerate the whole mortgage upon the failure to make any payment. By 2003, Mr. and Mrs. Guccione had both passed away. The husband and the husband's sister, the defendant Marina Gengo, were named executors of Mr. Guccione's estate. On October 14, 2009, Gengo recorded the mortgage.

According to the plaintiff, Mr. and Mrs. Guccione never intended for the mortgage to be paid, but instead to gift the amount of the debt to the plaintiff and the husband. The creation of the mortgage was simply a tax planning technique, permitting Mr. and Mrs. Guccione to transfer the sum of $150,000 subject to liabilities that they would forgive in annual increments in the amount of the applicable gift tax exclusion.

The plaintiff commenced this action against the estate of Mr. Guccione, the husband, and Gengo. The plaintiff sought, inter

alia, a judgment declaring the mortgage of record to be invalid and directing the County Clerk of the County of Nassau to cancel and discharge the mortgage on the grounds that its enforcement was time-barred under the statute of limitations (RPAPL 1501 [4]), or that the mortgage was satisfied (RPAPL 1921) or "ancient" (RPAPL 1931).

The plaintiff moved for summary judgment on so much of the complaint as sought declaratory relief. The Supreme Court denied the motion on two grounds. First, the Supreme Court determined that the plaintiff failed to establish an interest in the underlying real property, a necessary element to seek declaratory relief under the RPAPL provisions at issue, since it was evident from the plaintiff's complaint and moving papers that she had sold the property to a nonparty purchaser prior to commencing this action. Second, the court determined that the plaintiff failed to show that the gift/mortgage arrangement with Mr. and Mrs. Guccione was not a tax evasion scheme and, thus, that the plaintiff was precluded by the doctrine of unclean hands from seeking the equitable remedies afforded by the RPAPL provisions at issue. The plaintiff appeals.

As an initial matter, the Supreme Court erred in denying the plaintiff's motion for summary judgment on the ground that she possessed unclean hands. The plaintiff was not required to affirmatively plead her "clean hands" (see Nishman v De Marco, 76 AD2d 360, 368 [1980]), and the defendants were not entitled to invoke this doctrine as a defense, since they were not injured by the alleged wrongful conduct (see Fade v Pugliani/Fade, 8 AD3d 612, 614 [2004]; Kopsidas v Krokos, 294 AD2d 406 [2002]; Whalen v Gerzof, 206 AD2d 688, 690-691 [1994]). In any event, the unclean hands doctrine is inapplicable because the alleged gift/mortgage arrangement at issue is an accepted estate planning practice, and is not illegal or contrary to public policy (see e.g. Robinson, Federal Income Taxation of Real Estate ¶ 18.03 [2] [2009]).

However, the Supreme Court correctly determined that the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law under RPAPL 1501 (4), 1921 and 1931. Under RPAPL 1501 (4), "any person having an estate or interest in the real property subject" to a mortgage may maintain an action to cancel and discharge such mortgage where "the period allowed by the applicable statute of limitation[s] for the commencement of an action to foreclose a mortgage . . . has expired." To maintain a cognizable cause of action under RPAPL article 15, a plaintiff must describe in his or her complaint the nature of the plaintiff's interest in the real property and the source of this interest (see RPAPL 1515 [1]).

Although the plaintiff alleged in her complaint that she owned the subject real property at all relevant times, she also alleged in the complaint, and later admitted in her motion papers, including her affidavit, that she had sold the property to a nonparty purchaser after she and the husband were divorced, but before commencing the instant action. The plaintiff stated in her affidavit that in order to facilitate the closing on the property, she placed $300,000 of the property's sale proceeds into escrow to secure the purchaser from any damage by reason of the existence of the mortgage. Under these circumstances, while the plaintiff stated in her affidavit that she had an interest in retrieving the money in the escrow fund, she failed to establish, prima facie, that she had an interest in the underlying real property within the meaning of RPAPL 1501 (4) (see *Lennard v Chinkpoo Realty Holding Corp.*, 76 AD3d 1052 [2010]; *Soscia v Soscia*, 35 AD3d 841 [2006]; cf. *Buywise Holding, LLC v Harris*, 31 AD3d 681 [2006]).

Moreover, the nonparty purchaser of the subject property does have an interest in the property as contemplated by RPAPL 1501 (4) and, in this regard, is a necessary party to this action, since his or her interest in the property would be affected by any judgment rendered herein (see RPAPL 1511 [2]; CPLR 1001 [a]; *Censi v Cove Landings, Inc.*, 65 AD3d 1066, 1067-1068 [2009]; *Migliore v Manzo*, 28 AD3d 620, 621 [2006]; Weinstein-Korn-Miller, NY Civ Prac ¶ 1001.03 [2d ed]; see also CPLR 1003). This action may be maintained if the purchaser is joined as a party plaintiff, the plaintiff demonstrates that the purchaser assigned his or her cause of action to the plaintiff (see *Jean v Joseph*, 41 AD3d 657, 658 [2007]; *Cardtronics, LP v St. Nicholas Beverage Discount Ctr., Inc.*, 8 AD3d 419, 420 [2004]), or the plaintiff is otherwise authorized to seek cancellation and discharge of the mortgage on the purchaser's behalf pursuant to CPLR 1004 (see *Cardo v Board of Mgrs., Jefferson Vil. Condo 3*, 67 AD3d 945, 946 [2009]; *Spectra Audio Research, Inc. v Chon*, 62 AD3d 561, 564 [2009]). The plaintiff, however, failed to make such a showing on her motion and, thus, the Supreme Court properly determined that the plaintiff was not entitled at this juncture to summary judgment under RPAPL 1501 (4).

To the extent the plaintiff sought declaratory relief based upon RPAPL 1921, the plaintiff demonstrated that she has an "interest in the mortgage or the debt or obligation secured thereby" such that she may maintain a cause of action (RPAPL 1921 [2]). However, the plaintiff failed to establish, prima facie, that the mortgage was satisfied pursuant to RPAPL 1921, since her evidence consisted of statements concerning a transaction

or communications with the deceased Mr. Guccione (see CPLR 4519), or was belatedly submitted in her reply brief and not addressed by her adversary (see Batista v Santiago, 25 AD3d 326 [2006]; Wells Fargo Bank, N.A. v Marchione, 69 AD3d 204, 206 [2009]; Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677, 678 [2005]).

To the extent the plaintiff sought declaratory relief based upon RPAPL 1931, the plaintiff demonstrated that she is the mortgagor of the subject property, enabling her to proceed under that section (see RPAPL 1931 [1]). However, the plaintiff failed to show that the mortgage was "ancient" (see RPAPL 1931 [5]; Matter of Grasso [Trans-American Mgt. Corp.—Ciembroniewicz], 168 AD2d 713 [1990]; Matter of Schwartz, 21 Misc 2d 845 [1960]; Matter of Addesso, 69 NYS2d 702 [1947]). Thus, the Supreme Court properly determined that the plaintiff was not entitled to summary judgment declaring the mortgage invalid and directing its cancellation under RPAPL 1921 or 1931.

The plaintiff's remaining contentions are without merit or need not be reached in light of our determination. Mastro, J.P., Belen, Chambers and Roman, JJ., concur.